KEITHLEY, Defendant in Error, v. MAY, Plaintiff in Error.

1. The discontinuance of an action as to one or more of several defendants in an action on a contract is not a matter entirely at the discretion of the plaintiff, and the courts should not allow it to be done where it will work injustice by depriving a party of a just defence to the action.
2. A. and B. were sued jointly on a promissory note. A. was served person-. ally with process; B. by copy; but the sheriff returned both personally served. They not appearing at the return term, a judgment by default was rendered against both. Afterwards and during the term, the sheriff, upon leave given, amended his return, and it then appeared that B. was served by copy. B. moved the court to set aside the judgment by default, and set forth in his affidavit that he had a meritorious defence and its character. The court sustained the motion, and on motion of plaintiff dismissed the suit as to B. and rendered judgment by default against A. *Held*, that the court improperly exercised its discretion in permitting plaintiff to dismiss his action as to B.

*Error to St. Charles Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*S. S. & D. C. Woods,* for plaintiff in error.

*Woodson, Edwards & Randolph,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This case involves the question of the propriety of the conduct of the court below in permitting the plaintiff to dismiss his petition as to the defendant Robert May. · Robert and Pinckney May were jointly sued on a promissory note. Pinckney was personally served with the writ, whilst Robert.

was served by leaving a copy. The sheriff made a return that both defendants had been personally served, and they not appearing on or before the second day of the return term, a judgment by default was taken against them. Afterwards during the term, on motion, leave was given to the sheriff to amend his return, and the amendment having been made, it then appeared that Robert May had not been personally served with process. The court thereupon, on motion of the plaintiff, (the judgment by default having been set aside,) permitted him to dismiss his petition as to the defendant Robert May, and entered a judgment against Pinckney May. Robert May, in an affidavit in support of his motion to set aside the judgment by default against him and for leave to plead, stated that he had a good defence; that the note sued on was executed to William Keithley, the father of the plaintiff; that one Thomas Ward sold and delivered to the defendant a note on the said William Keithley for three hundred dollars before the note sued on was assigned to the plaintiff. It was further stated that the assignment was fraudulent and that William Keithley was wholly insolvent.

From the foregoing statement of facts, it will be observed that this case is not one falling within the provisions of the nineteenth section of the fifth article of the practice act prescribing the circumstances under which a plaintiff may dismiss his petition as to some of the defendants. The defendant Robert May was regularly served with process, and appeared and desired to defend the action, but because he had been served in such a way as entitled him to have the trial of the cause postponed until the next term, the plaintiff, in order to prevent this, discontinued as to him and took a judgment against the other defendant.

As the court had no warrant in the statute law to support the course adopted, its action must look to the common law for principles by which it may be sustained. In actions of tort at common law the plaintiff could enter a *nolle prosequi* as to one or more of the defendants. Our statute makes

15—VOL. XXIX.

all joint contracts several; and, when several are sued jointly, allows a judgment against one or more of them, changing the common law in these respects. Notwithstanding these changes, we do not conceive that the discontinuance of the action as to some of the defendants in suits on contracts is a matter entirely at the discretion of the plaintiff, and the courts should not allow it to be done when the effect of such a course will be to deprive a party of a just defence to the action. In the case of Brown v. Pearson, 8 Mo. 159, it was held that the dismissing of the action as to some of the parties was a matter of practice resting in the discretion of the court. The same principle was maintained in the case of Minor v. The Mechanics' Bank of Alexandria, 1 Pet. 59. In the case before us, the defendant, against whom the judgment was taken, could not have used the defence which Robert May had to the action, nor was he in a situation to do so, as a judgment had been entered against him. If Pinckney May had satisfied that judgment, he would have been entitled to recover the half of it from Robert, and thus Robert would have been compelled to pay a debt against which he had a just defence, by reason of the court's having permitted the plaintiffs to dismiss his action as to him. It is clear, that this should not be tolerated, where there is any suspicion that the plaintiff's object is to get rid of a defence to his action. Thus a surety, who is sued with his principal, may, by collusion with the plaintiff, suffer a judgment to go against him, and, after satisfying it, compel the plaintiff to refund, and thus force him to pay an unjust debt, unless he should be able to show the collusion — a matter difficult to be proved. From the facts appearing in this record, we are of opinion that the court below improperly exercised its discretion in permitting the plaintiff to dismiss his action as to the defendant Robert May. The judgment, therefore, will be reversed and the cause remanded; the other judges concurring.