BROWNING, Plaintiff in Error, v. CHRISMAN, Defendant in Error.

1. No dismissal of a suit as to a party thereto should be allowed, when it will produce derangement in the rights of the defendants, deprive them of a legal defence, or subject them to increased difficulties or liabilities.
2. In equity there may be a decree against one defendant in favor of a co-defendant.
3. B. conveyed certain real estate to D. with covenants of warranty. D. instituted an action of ejectment against C. to recover possession thereof. C. set up in his answer as a defence to this action a prior purchase by himself of said real estate from B.; that he had taken possession and paid a portion of the purchase money; that B. had executed a deed of said real estate to him, but fraudulently refused to deliver it; that D., fraudulently contriving and confederating with B., obtained a deed from the latter. C. offered to pay the remainder of the purchase money, and prayed for a decree of title against D. and B.; that B. be made a party to the action; and that an order of publication be made against B., he being a non-resident. An order of publication was made against B. The court, by its decree, vested the title to the real estate in controversy in C., annulled the deed of B. to D., and decreed that C. should pay to B. the balance of the purchase money, and gave judgment against B. and D. for costs. Afterwards B. presented a petition to the court, under the provisions of the thirtieth article of the practice act of 1849, (Sess. Acts, 1849, p. 103, § 8—11,) praying the court to set aside the decree, and for leave to file an answer. This motion was accompanied by an affidavit denying specifically the allegations contained in the answer of C. The court granted leave to B. to file an answer; which leave was acted upon by the latter. Afterwards C. filed a motion setting forth that the original action of D. against him was an action of ejectment; that he, C., set up an equitable defence praying for a decree of title and that B. might be made a party; that he was accordingly made a party and a decree rendered in favor of C.; that said B. was not and is not a necessary party; and praying the court to set aside the judgment or decree as to said B. and strike his name out as a party, leaving the judgment in full force against D. The court sustained the motion, and the judgment rendered in the suit of D. against C. and B. was set aside as to B., the court directing that the case should be "left open for B. to pursue any remedy

he may have against C., as though he had never been a party to the original suit of ejectment instituted" by D. against C. The court dismissed the petition.

*Held*, That this action of the court was erroneous; that B. would be injuriously affected by the decree, his deed to D. being a deed with covenants of warranty; that B. had a right to come in and plead to the original action.

### *Error to Howard Circuit Court.*

This cause grows out of an action of ejectment brought in the Moniteau circuit court in February, 1856, by T. E. Dickerson against David Chrisman, to recover possession of certain real estate in the town of California. In this suit the plaintiff claimed title by virtue of a deed from one Browning. The defendant Chrisman set up an equitable defence, alleging a prior purchase by himself from Browning; that he took possession under said purchase and paid a portion of the purchase money; that Browning executed a deed to him but fraudulently refused to deliver it; that the plaintiff Dickerson, knowing these facts, confederated with Browning and fraudulently obtained a deed from said Browning to himself. Defendant Chrisman offered to pay the balance of the purchase money, and prayed for a decree of title against the plaintiff Dickerson and Browning; that Browning might be made a party to the action; that an order of publication might be made against him, he being a nonresident. An order of publication was accordingly made. The court, by its decree, vested the title to the lots in Chrisman, annulled the deed of Browning to Dickerson, and decreed that Chrisman should pay to Browning the balance of the purchase money. This decree was affirmed in the supreme court. (See Dickerson v. Chrisman, 28 Mo. 134.)

After the rendition of this decree, Browning presented a petition to the court under the thirtieth article of the practice act of 1849, (Sess. Acts, 1849, p. 103, § 8—11,) praying the court to set aside the decree rendered, grant a rehearing of the cause, and allow said Browning to file an answer therein. This motion was accompanied by an affidavit, in which the allegations of Chrisman's answer, setting up an

equitable defence to the ejectment suit, were denied. Browning, on motion of Chrisman, was ruled to give security for costs. He was allowed by the court to file an answer in the original cause. Afterwards Chrisman filed a motion setting forth that the suit of Dickerson against himself was an action of ejectment; that he set up an equitable defence thereto, and praying that a decree of title be made in his favor, and that Browning might be made a party; that Browning, upon this application, was made a party; that a decree of title was made in favor of said Chrisman, which was affirmed on appeal to the supreme court; that said Browning was not and is not a necessary party; and praying the court to set aside the judgment or decree as to said Browning, and strike his name out as a party, leaving the judgment in full force against Dickerson. The court sustained this motion, the judgment as to Browning was set aside, "the case left open for Browning to pursue any remedy he may have against Chrisman as though he had never been a party to the original suit of ejectment instituted by Dickerson against Chrisman." The court dismissed the petition of Browning. This constitutes the action complained of. During the pendency of these proceedings a change of venue was taken to Howard county.

*White*, for plaintiff in error.

I. It was not for Chrisman to say that Browning was not a necessary party in the action of Dickerson against him, after he had once decided that he was necessary, and had obtained leave of the court to make him a party, and had dealt with him as a necessary party, having his costs taxed up jointly against him and Dickerson. Browning having been brought into court by order of publication under the practice act of 1849, the last five sections of the thirtieth article of that act point out the means and the only means by which he can relieve himself of the judgment so rendered against him. The course there pointed out he has pursued, and the court below, by dismissing these proceedings, virtually cut him off from all relief from a decree which he in-

sists was wrongfully rendered against him, and he is left with a decree standing in full force against him, rendered without giving him a hearing, if he is not permitted to be heard in this way. It was necessary that Browning should have been a party, as it will be seen on examination of the decree rendered by the court in the original suit, that Browning was required to convey to Chrisman the same property that he had already conveyed to Dickerson, thereby making himself liable to Dickerson on his warranty the moment the title passed to Chrisman. Chrisman having, by regular course of law, obtained judgment against Dickerson and Browning for the property and for his costs, which judgment was final, he could only, "in furtherance of justice" and on terms "as may be just," amend or change the same. (R. C. 1855, p. 1254.) Nor could any amendment or change be made after the expiration of the term at which said judgment was rendered. (Ashby v. Glasgow, 7 Mo. 320 ; Bergen v. Bolton & Colt, 10 Mo. 658 ; Neavans v. Harbert, 25 Mo. 351, 401.) A judgment when obtained against more than one is an entirety, and it was irregular to set the same aside as to Browning and not as to Dickerson. (19 Mo. 441; Randalls v. Wilson, 24 Mo. 76.)

*Adams, Douglass & Hayden*, for defendant in error.

I. Browning was improperly made a party to the suit of Dickerson v. Chrisman. (28 Mo. 134.) He was not a necessary party to a complete determination or settlement of the question in controversy in that case between Dickerson and defendant, nor had he any interest in that controversy adverse to either. His rights, growing out of any transaction between him and the defendant concerning the property in litigation, were not in controversy, and were not passed upon, nor are they in anywise affected by the judgment rendered in that case. His legal rights, therefore, remain unchanged, and he is not barred from asserting them against the defendant whenever it suits his disposition to do so. His petition does not state facts entitling him to have the case re-opened

and again litigated upon its merits. It shows that he had no interest in the controversy between Dickerson and the defendant, and that he now has none; and that he could not, had the defendant not made him a party to the suit by his answer, have, upon his motion to the court, been made a party plaintiff or defendant. (R. C. 1855, p. 1218, secs. 3 & 4.) The plaintiff in error not being a necessary party to the suit of Dickerson v. the defendant, the motion made to dismiss the suit as to him was properly sustained by the court. The judgment thus rendered by the court upon the motion is against the defendant for costs. It leaves the plaintiff's rights wholly untouched, and puts him in the position that he occupied before he was made a party to the suit. He is out of court, and gets his peace at the expense of the defendant; to any thing more he is not entitled and has no cause to complain.

SCOTT, Judge, delivered the opinion of the court.

We can not see any ground on which the action of the court below can be sustained. It is a great mistake to suppose that a plaintiff can bring in and dismiss parties at his discretion. This power is very much abused under the present practice act. A defendant is brought in by the plaintiff, who, he finds, is a little too hard for him, and who, he sees, may defeat his action, and he will rid himself of the difficulty by dismissing his suit as to such defendant. We had occasion, in the case of May v. Keithley, 29 Mo. 220, to remark upon this practice, and point out the evils which may flow from it. No *nolle prosequi* or dismissal of a party ought to be allowed when it will produce any derangement in the rights of the defendants, deprive them of a legal defence, or subject them to increased difficulties or liabilities.

Browning was a proper party to the suit, as his being so would enable the court to do complete justice among the parties. The books say that there may be a decree against one defendant in favor of a co-defendant. If Browning committed a fraud on Dickerson by conveying to him land for a

valuable consideration, which he knew he was bound to convey to another, then Dickerson might have had a decree against him for the purchase money which he had paid.

Browning's was a warranty deed. Dickerson having failed to recover the lot conveyed by Browning, from that failure a right of action results to him against Browning to recover damages for his breach of warranty. Browning is then affected by the decree. It is true he might have shown in an action on the covenant, had he been no party to the suit, that Dickerson, although he had lost his land as against Chrisman, yet had no cause of action against him. But Browning was brought in by Chrisman himself, and he had a right to make a defence to Chrisman's action. Chrisman has taken a decree against him without notice, but by publication alone. The statute gives Browning a right now to come in and plead to the original action, and there was no power in the court below to deprive him of this right.

The judgment will be reversed and the cause remanded. The other judges concur.