Adderton v. Collier.

———◦⦿◦———

J. A. J. ADDERTON, Plaintiff in Error, v. GEORGE M. COLLIER *et al.*, Defendants in Error.

*Practice—Judgment.*—Where several are sued at law, and the defence pleaded by one is available to the others, after a verdict and judgment for the defendant pleading, the plaintiff cannot have judgment by default against the other defendants, for the reason that upon the whole record it appears the plaintiff has no right of action.

*Practice—Discontinuance.*—Leave to discontinue ought generally to be given a plaintiff, but the giving or refusing it is a matter of practice resting in the discretion of the court. It ought never to be given where it would deprive a defendant of a just defence.

*Error to Saline Circuit Court.*

The facts are stated in the opinion.

*Adams*, for plaintiff in error.

I. The plaintiff had a right at any time before the jury was sworn to dismiss his suit as to any of the defendants. The defendants Sarah A. and Mary A. Collier, who had been obtruded into the case, and were not necessary parties to the controversy between the plaintiff and the original defendants, had no right to compel the plaintiff, against his consent, to carry on a suit against them. (See 5 Mo. 453, Gearhart v. Gist; 1 Saunders, 207, in notes and cases there cited.) The plaintiff had not obtained possession of the property. It had been left in the possession of the original defendants under the bond returned by the sheriff, and therefore plaintiff had the right to dismiss as to any or all of the defendants. (See Collier v. Hough, 26 Mo. 152.)

II. The final judgment against George M. and Susan K. Collier was properly rendered against them and their sureties on the delivery bond, Tabb and Durrett. (Art. VII., Practice in Civil Cases, § 14, 2 R. C. 1855, p. 1245.) This judgment could not be set aside or altered at a subsequent term. (Lindell v. Bank Mo. 4 Mo. 228 ; 7 Mo. 320 ; 25 Mo. 351; 20 Mo. 584.)

III. The delivery bond was a part of the sheriff's return, and he cannot, nor will the parties be allowed, to dispute the return. (See Hallowell v. Page, 24 Mo. 590 ; Page v. Page, 24 Mo. 595 ; Dillinger v. Higgins, 26 Mo. 180. )

IV. The bond recites that Tabb and Durrett are sureties for the original defendants, and they were estopped from denying this recital ; and the testimony given on the motion to set aside the judgment was not only incompetent because it contradicted the sheriff's return, but because the sureties were estopped to deny the tenor and effect of their own bond. (Dixon v. Anderson, 9 Mo. 155; Marchioness of Annondale v. Harris, 2 P. Wms. 432.)

*Ryland & Son*, for defendants in error.

I. There is no error in permitting the defendants Mary A. Collier and Sarah A. Collier, by consent of the plaintiff, to appear and become parties to this action. The plaintiff

claimed title to the negro girl Harriet; the defendants Mary A. and Sarah A. Collier deny his right and title, and set up their own title to the girl. The right to the negro girl could be thus tried by consent, and after defendants filed their answer, and plaintiff saw that he had no title, and no right to expect to succeed against their claim, he moved to dismiss as to them. They were properly in court; anyhow, by the plaintiff's consent they were in court, and the answer was filed and the cause properly tried, and defendants succeeded in sustaining their title and right to the negro girl. It would have been wrong after the plaintiff consented, and after the defendants had answered, to have then dismissed the suit as to them.

II. It was proper to amend the judgment, and correct the mistake of the clerk. Here were the minutes of the judge and of the clerk to correct by.

III. The only error is, that the judgment ought not to have been against George M. and Susan K. Collier, even for a merely nominal amount. The negro girl did not belong to them, and by their deed of trust they could convey no property in her to plaintiff; he, plaintiff, has not been injured. He acquired no title to the girl from George and Susan K. Collier, and when the real owners obtain a judgment for the girl, declaring their right and property in her, then no final judgment ought to have been given on the default against George and Susan K. There is not the slightest grounds to charge Mary and Sarah Collier with fraud.

IV. From the record the court cannot but see that justice has been done by the court below in correcting the mistake, and amending the judgment. The mistake occurred by the improper form which the plaintiff's attorney furnished the clerk, and then the real minutes are made to give way to the form—erasures are made to conform to the form. The court never saw this form, and never would have permitted judgment to have been rendered against Tabb and Durrett: they were Mary's securities, not George's and his mother's. No judgment is given against Mary, the principal, because she

proves her right and title to the negro, but yet judgment is given against her securities. All this shows that something is wrong about this matter; and the plaintiff in error comes here relying on the most minute technicalities to give him money out of the pockets of Tabb and Durrett.

DRYDEN, Judge, delivered the opinion of the court.

Adderton sued George and Susan Collier for the possession of a negro girl, under the provisions of the seventh article of the practice act, R. C. 1855, p. 1242. The summons was returnable to the May term, 1858, and was duly served. Mary and Sarah Collier, two daughters of the defendant Susan, claimed the slave, and at the time of the service of the writ, they, instead of the defendants, furnished security, and gave bond to the sheriff for the delivery of the property to answer the judgment of the court at the return term. On the motion of the plaintiff, said Mary and Sarah were made defendants in the cause, and at the same term they filed their answer to the petition, denying the right of the plaintiff, and setting up their own right of possession of the property in controversy: At the next term of the court, [November, 1858,] the plaintiff filed a motion for leave to dismiss the case as to the defendants Mary and Sarah, and for a judgment by default against defendants George and Susan. The court refused leave to dismiss, but rendered the judgment by default, and continued the cause. At the May term, 1859, a trial of the issues made by the petition and answer was had, which resulted in a verdict and judgment for the defendants Mary and Sarah. At the November term, 1859, an inquiry of damages was had, in which the value of the slave was assessed at eight hundred dollars, and damages for its detention at one hundred and twenty dollars, and judgment therefor was made final against the defaulting defendants, George and Susan Collier. At the May term, 1860, the court, on the motion of Tabb and Durret, the securities on the delivery bond, amended the record of the preceding term by striking out their names from the entry of the judg-

ment, which, it was alleged, were inserted by the mistake of the clerk, and not in accordance with the judgment of the court. The plaintiff, Adderton, duly preserved his exceptions to the various adverse decisions of the court, and the case is brought here by him and by the defendants George and Susan Collier, by cross-writs of error.

1. In the view we have taken of this case, the only ground of error complained of by the plaintiff which we need notice is the refusal of leave to discontinue the action as to the defendants Mary and Sarah.

Leave to discontinue ordinarily is, and ought to be, given a plaintiff, but the giving or refusing it is a matter of practice resting in the discretion of the court. It ought never to be given where it would deprive a defendant of a just defence. (Kirtly v. May, 29 Mo. 220.)

It was on the plaintiff's own motion that the parties proposed to be discontinued were made defendants. They had answered and assumed the whole burden of the defence, and the plaintiff had accepted them as his real adversaries in the case. The original defendants having no interest in the subject of the action, trusting the defence alone to those who were concerned in its success, made no answer, and suffered the time within which to answer to expire. In this condition of things, the court could not have permitted the discontinuance without wrong to the defaulting defendants, and permission was therefore properly refused.

2. The defendants George and Susan Collier assigned for error the assessment of damages against them, and making final the judgment by default after the verdict and judgment of the court in discharge of their co-defendants Mary and Sarah.

The defence made by Mary and Sarah, which resulted in the verdict and judgment for them, was not based upon any ground personally to themselves, but was equally available by the other defendants, and was such as showed that the plaintiff had no cause of action. And it is the settled law in such cases, that after verdict and judgment for the defendant

who pleads, the plaintiff cannot take judgment against the defendants in default, for the reason that upon the whole record it appears the plaintiff has no right of action. (2 Tidd's Prac. 986 ; 2 Lord Raymond, 1392 ; 1 Levinz, 63.)

The Circuit Court therefore erred in rendering the said final judgment against the defendants George and Susan, and the securities Tabb and Durrett, and its said judgment is reversed ; the other judges concurring.