# *Ex parte* Planters' and Merchants' Mutual Insurance Company.

### Application for Mandamus to Chancellor.

*Dissolution of injunction; chancellor's duty to prescribe penalty and condition of appeal bond.*—When a bill is dismissed by the chancellor, and an injunction granted under it is dissolved, it is his duty to prescribe the penalty and condition of the appeal bond, if the complainant should desire to take an appeal, and to have the injunction restored pending the appeal; and on his refusal to do so, on motion, a *mandamus* will be awarded to compel him.

APPLICATION for a *mandamus* to the Hon. ADAM C. FELDER, chancellor, sitting at Mobile, on. the facts stated in the opinion of the court.

WM. G. JONES, for the petitioner.

PETERS, C. J. — In November, 1873, the Planters' and Merchants' Mutual Insurance Company of Mobile as complainant, suing as well for said corporation as also on behalf of all other corporations in the city of Mobile having like cause of complaint, which may choose to come in and be made parties to this suit, filed their bill of complaint in the chancery court of the county of Mobile, against the mayor, aldermen, and common. council of the city of Mobile, and Cleveland F. Moulton, and J. Lee Hamilton, as defendants, praying that said defendants, and each of them, "may be enjoined and restrained from selling the property seized and levied on, as shown in said bill, and from proceeding to levy or collect the said sum of money claimed as a tax on the capital stock of your orator, or any part thereof; and that your orator may have all .such other and further relief as is equitable, and as its case may require." Said bill was duly sworn to, and a *fiat* for injunction was duly granted thereon, according to the prayer .of said bill, by Hon. JOHN ELLIOTT, the judge of the Sixth Judicial Circuit of Alabama, and an injunction under said *fiat* was duly issued. Afterwards, on the 13th day of February, 1874, said injunction was dissolved, on motion of defendants, and said bill was dismissed, and the plaintiffs were taxed with the costs; and on the same day, and immediately on the dissolution of said injunction, a motion was made in said cause, and the several causes made by other parties who came in and joined in the prosecution of said suit, that an appeal be allowed to the complainants to this court, from said decree dissolving said injunction and dismissing said bill, and that the chancellor prescribe the penalty and condition of the bond to be given by the appellants, should an appeal from said decree be taken;

[Ex parte Planters' and Merchants' Mutual Insurance Company.]

which said motion being heard, it was considered thereon, "that the chancery court has no jurisdiction of the subject-matter of said bill of complaint, and the petitions therewith connected as above said;" and it was thereupon ordered and adjudged, that said motion be overruled, and the chancellor refused to prescribe the penalty and condition of the bonds to be given by the appellants should an appeal from said decree be taken.

From this refusal of the learned chancellor to prescribe the penalty and condition of said bonds, the complainants in said bill come to this court, and here they apply by petition for *mandamus*, to compel the chancellor to prescribe the penalty and condition of said bonds, that an appeal may be taken from said decree to this court, and said injunction be restored until said appeal may be heard and disposed of.

In this proceeding, the only question necessary to be considered is, whether the learned chancellor, on dissolving said injunction in the court below, and dismissing said bill for want of jurisdiction, was bound by law to allow the parties complaining of said decree of dissolution and dismissal to appeal from said decree, and to fix the penalty and conditions of the bonds on said appeal, so as to restore the injunction granted and issued in this cause, until the said decree shall be reviewed in this court.

The decree in this case in the court below is final, and it has the effect of dissolving the injunction. It is beyond all doubt that an appeal lies to this court, either from an order dissolving an injunction, or from a decree dismissing a bill. Rev. Code, §§ 3485, 3439; Acts 1870–1871, p. 20, No. 76. On such an appeal, the appellant is entitled to have the injunction restored, upon giving the proper bond. The rule of chancery practice, which allows and requires this, is in these words: "The chancellor shall, upon making any *final* or *interlocutory* decree, which has the effect of dissolving an injunction, or discharging a *ne exeat*, or an attachment in chancery authorizing the seizure of property, prescribe the penalty and condition of the bond to be given by the appellant, should he thereafter appeal from such decree; and the appeal in such cases, when taken before the register, and bond executed as prescribed by the chancellor, and approved by the register, *shall operate to restore* the injunction, *ne exeat*, or writ of seizure in the nature of an attachment, until the same shall be reviewed in the supreme court." Rule Ch. Pr. 84; Rev. Code, p. 835. Such a rule as the above this court had the power to adopt, and when adopted it became imperative on the inferior court. Rev. Code, § 3484. If we should somewhat change the order of the words in this command of the law, its meaning and its purpose would become

immediately clear.    The words will permit of this arrangement:
" Upon making any final or interlocutory decree, which shall
have the effect of dissolving an injunction, or discharging a *ne
exeat*, or attachment in chancery authorizing the seizure of
property, the chancellor *shall* prescribe the *penalty* and *condi-
tion* of the bond to be given by the appellant, should he (the
appellant) thereafter appeal from such decree ; and the appeal
in such cases, when taken before the register, and the *bond ex-
ecuted as prescribed* by the chancellor, and *approved* by the
register, *shall operate* to *restore* the injunction, *ne exeat*, or
writ of seizure in the nature of an attachment, until the same
(the decree) *shall* be reviewed in the supreme court." This
is clearly peremptory, and it leaves no discretion to the chan-
cellor.

When only an appeal is asked, the register may take and
approve a bond or obligation, with the proper security, for the
costs of the appeal.    Rev. Code, § 3509.    With this the chan-
cellor has nothing to do.    It is wholly the duty of the register
to see that sufficient security for the costs of the appeal is
given and approved, and certified as required by law.    Rev.
Code, §§ 3509, 3489.    But when it is the purpose of the ap-
pellant, not only to take an appeal from the decree complained
of, but also to restore the injunction, then the chancellor *must
prescribe* the penalty and condition of the bond, and it must
be taken and approved by the register; and when so pre-
scribed and executed, it *operates to restore* the injunction.
This was the purpose of the appellants in this case, and it was
the duty of the chancellor so to have acted.

Therefore, let a rule *nisi* be granted, returnable to the first
day of the next term of this court.    The question of costs is
reserved until the further hearing of this cause.