DORRISS, *Appellant*, v. CARTER.

1. **Measure of Sureties' Liability on Injunction Bond**: ACTION. The obligation of the sureties in a statutory injunction bond is not to pay all damages that the injunction may occasion to the defendant, but to pay such as the court shall, upon the dissolution of the injunction, adjudge against the plaintiff; and until they have been adjudged, no action can be maintained on the bond.

2. **Practice**: PRINCIPAL AND SURETY. It is no abuse of the discretion of the trial court to permit the plaintiff to dismiss his suit as to the principal in a bond, while continuing to prosecute it against the sureties.

*Appeal from Jasper Common Pleas Court.*—HON. E. V. BROWN, Judge.

*W. H. Phelps* for appellant.

*Harding & Buler* for respondent.

HENRY, J.—This was an action on a statutory injunction bond. It appears from the petition that no damages were assessed on the dissolution of the injunction. A demurrer to the petition was sustained, and from the judgment plaintiff appealed. Sec. 11, page 1030, Wag. Stat., requires a plaintiff who obtains an injunction, to execute a bond with security in such sum as the court or judge shall deem sufficient, to secure the amount, or other matter to be enjoined, and all damages that may be occasioned by such injunction, conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and cost that shall be adjudged against him, if the injunction shall be dissolved. There can be no breach of the bond until a failure or refusal to pay whatever sums of money shall have been adjudged against the plaintiff. While the bond is required to be for a sum sufficient to secure the amount, or other matter to be enjoined, and all damages that may be occasioned by the injunction, yet the condition of the bond restricts this

Dorriss v. Carter.

general language to a liability, on the part of the sureties, that may be adjudged against the plaintiff. This view is strengthened by Sec. 14, which requires the court, on the dissolution of an injunction, to enter judgment against the obligors in the bond according to the circumstances of the case. In *Kennedy v. Hammond & Hall*, 16 Mo. 341, the court, speaking of an injunction bond substantially the same as was executed in this case, said : " Now, before suing on this bond, after dissolution, ' the damage must be adjudged,' and the non-payment of the amount adjudged forms the breach of the bond, so far as damages are concerned." See also *Corder v. Martin*, 17 Mo. 41. The obligation of the sureties is not to pay all damages that the injunction may occasion to the other party, but that the plaintiff, obtaining the injunction, shall pay whatever sums of money the court, on the dissolution of the injunction, shall adjudge against him.

In permitting the plaintiff to dismiss the suit as to Rivers, the principal in the bond, the court did not commit error. In *Keithley v. May*, 29 Mo. 220; *Browning v. Chrisman*, 30 Mo. 353, and *Adderton v. Collier*, 32 Mo. 507, there were especial reasons, apparent of record, why the plaintiff should not have been allowed to dismiss as to one of the parties defendant. It would in those cases have operated as a fraud, or very inequitably, upon the other defendants, and it was therefore held that it was an abuse of the discretion of the court to permit the dismissal. The circuit court properly sustained the demurrer, and, all concurring, its judgment is affirmed.

AFFIRMED.