M. D. LEWIS, ADMINISTRATOR, Appellant, *v.* JAMES LEAHEY,
ET AL., Respondents.

### January 2, 1884.

1. INJUNCTION — COSTS. — No costs are taxable against the sureties on an injunction bond except such as are occasioned by the injunction.

2. —— Costs of the suit to which the injunction is a mere incident are not taxable on the injunction bond.

3. —— All costs accruing between the granting of a restraining order and its dissolution are properly taxed against the sureties on the injunction bond.

4. —— That the questions on the motion to dissolve the injunction and on the merits of the action are heard together is immaterial in taxing the costs against the sureties on the bond, unless the costs on the question of dissolution are thereby increased.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*
HERMANN & REYBURN, for the appellant.
E. A. B. GARECHÉ, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

The original proceeding here, was a bill in equity to compel the execution of a mortgage; the plaintiff also asked incidental relief by injunction, to preserve the *status* of the parties pending the litigation. A preliminary injunction was granted; but, on the trial, the court held, that the bill stated no cause of action, sustained a general objection to all evidence offered in support of it, and dismissed the bill. On appeal to this court, this judgment was reversed and the cause remanded. *Leahey·v. Leahey,* 11 Mo. App. 413. When the case went back, by consent of parties, the cause was submitted to the court upon the motion to dissolve the injunction and upon the merits; and the court, on this hearing, found for defendants, dissolved the temporary injunction, and dismissed the bill.

On hearing upon the motion to assess damage, the jury assessed damages at $250, and judgment was rendered against plaintiff and Robertson, the appellant here, who was the surety on the injunction bond, for that sum and costs. Robertson satisfied the judgment as to damages; and a fee-bill was issued against him for all the costs. Robertson filed a motion to re-tax the costs, which was overruled; and, from this action of the court declaring him liable as a surety on the injunction bond for all the costs of the proceeding, Robertson appeals.

In this case the injunction was merely an incident to the main -suit. The damages to be recovered from the surety are not to include anything occasioned by the suit independently of the injunction; and so much of the taxable costs only ought to be assessed as damages against the surety on the injunction bond as were necessarily incurred in procuring the dissolution of the injunction. High on Inj., sects. 1663, 1667.

We think that the costs could neither be increased or diminished by the fact that the -hearing on the motion to dissolve and the hearing on the merits were one and the same trial. There is nothing to show that the costs were in any way increased by hearing the merits when the motion was heard, or that any witness was summoned who did not testify as to those matters which were necessarily passed upon in determining the motion to dissolve. It is probable that the motion to dissolve could not be passed upon properly without an inquiry into the merits; and the statute (Rev. Stats., sect. 2717) provides, that, on hearing of the motion to dissolve, the parties may introduce testimony to support the petition and answer.

It is contended by appellant that the injunction was dissolved at the dismissal of the bill, and never revived, and that, for this reason, the surety is liable for no costs after the first appeal. It is true that in England and in many of the states of the union, it is held that an appeal does not

revive the injunction, and that, after an order dissolving the injunction, there is no existing injunction pending to the appeal from that order, though bond be given on the appeal. But we think it has been generally recognized by the profession in Missouri that a restraining order dissolved by a dismissal of a bill in equity remains in force pending an appeal from the order dismissing the bill, where the proper steps are taken to obtain a *supersedeas.*

Such has been the view of this court, intimated more than once in passing upon motions, though I am not aware that it has heretofore been necessary to discuss the matter in writing, or to file any opinion to that effect. And this view is supported by the authority of the courts of last resort in many states. In Kentucky it is held, that where an injunction was dissolved on one day of the term, and at a subsequent day of the same term, the case was finally heard, and the bill dismissed, and the complainant prayed an appeal, this superseded the order dissolving the injunction; and it was irregular to issue a writ of *habere facias possessionem* on the judgment pending the appeal. *Yocum* v. *More*, 4 Bibb, 221. In Alabama it is held, that where the bill is dismissed, and, on appeal, this judgment is reversed, and the cause remanded, the case resumes its former position, with the restraining order in force. *Balkum* v. *Heuper*, 50 Ala. 372. In Virginia it is held, that the injunction is revived by appeal. *Turner* v. *Scott*, 5 Rand. 332 In Texas it is held that an appeal from a final judgment dissolving the injunction and dismissing the bill, where a proper appeal bond is given, keeps the injunction in force pending the appeal. *Williams* v. *Powers*, 48 Tex. 141. And the same' rule obtains in Mississippi. *Prentice* v. *Wallace*, 37 Miss. 172. English, Ohio, Massachusetts and New York cases to the contrary, are cited in a note to this last case.

But, whilst we think that all costs occasioned by the proceedings to get rid of the injunction, and all costs and

expenses incurred between the granting of the restraining order and its dissolution, were properly chargeable to the surety on the injunction bond, we see no reason why he is to be charged with costs of suit prior to the granting of the injunction. His bond is " to pay all damages occasioned by the injunction." The execution is issued for all the costs of the suit, including clerk's fees for the pleadings and copies, and the fees of the sheriff for the service of summons upon the defendants. These costs are separable from the damages occasioned by the restraining order and were in no wise occasioned by it. The amount may be insignificant when compared with the entire fee bill, but the fact that they are included in the execution against defendant gave him a right to have his motion sustained to re-tax the costs, and we think the court, for this reason, erred in overruling the motion.

Respondents have filed no brief, nor have any suggestions either oral or written, been made to this court on their behalf. For the reasons stated, the judgment is reversed and the cause remanded. All the judges concur.