A. LOEHNER, Respondent, *v.* BRITTON A. HILL ET AL., Appellants.

### March 17, 1885.

INJUNCTIONS—BONDS—DAMAGES AND COSTS.—The liability of obligors on an injunction bond is confined to the damages and costs caused by the injunction and adjudged on its dissolution.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

W. L. SCOTT and McENTIRE & LOEVY, for the appellants.

E. P. JOHNSON, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

That there is no liability on the part of the obligors on an injunction bond for other damages and costs than those caused by the injunction, has been frequently and uniformly decided.—*Boatmantel* v. *Stewart*, 55 Cal. 115; *Hovey* v. *Rubber Tip Co.*, 12 Abb Pr. N. S. 360; *Lewis* v. *Leahy*, 14 Mo. App. 567. The rule is also established in this state that even within the limits above stated the liabilities of the obligors upon a statutory injunction bond extend to such damages only as the court upon the dissolution of the injunction shall adjudge against them.—*Dorriss* v. *Carter*, 67 Mo. 545.

When therefore the obligors in such a bond are sought to be held liable in any proceeding upon the bond, the party seeking to enforce the liability must affirmatively show that such liability is owing to damages or costs caused by the injunction, and which were adjudged by the court upon its dissolution.

In the cause now under consideration an injunction bond in statutory form was filed in the main case on the 11th of February, 1881, and an injunction granted temporarily. Whether the injunction thus granted was granted at the institution of the main suit, or at some subsequent stage therein, and whether the sole object of the main suit was an injunction, or whether the injunction was prayed for as mere incidental relief, does not appear by the record.

On the 10th of April, 1883, the appellant Garret S. VanWagoner filed a motion in the cause asking the court to fix his compensation as referee therein, and on June 12, 1883, the appellants, Frank Kraft and A. L. Hawkins, filed another motion in the cause asking the court to fix their compensation for services before the referee, which motions coming on for hearing were sustained by the court. The court thereupon on the 27th day of June, 1883, made an allowance of $240.00 to VanWagoner for his services as referee, of $170.50 to Kraft for his services as short-hand reporter, and of $33.37 to Hawkins for his services herein, and ordered that the

amounts thus allowed be taxed as costs in the case, and that execution therefor issue against the plaintiff.

It nowhere appears by the record at what time the cause was referred to VanWagoner, nor for what purpose it was referred, nor whether any proceedings whatever affecting the injunction were had before said referee. Nor does it appear on what account the allowance was made to Kraft, beyond the statement that it was "for his services as short-hand reporter herein." Nor does it appear anywhere what the services of Hawkins were, and where they were rendered, except that they were rendered "herein." On the 23rd day of January, 1884, the temporary injunction granted in the case was, on motion of defendants, dissolved, because plaintiff had failed to give the security for costs which the court had ordered him to give, and the whole case was on that ground dismissed. The defendants filed a motion for assessment of damages on the injunction bond, and the court on the 17th day of March, 1884, assessed the damages in their favor at the sum of $1100.00, reduced by subsequent remittitur to $550.00. On the same day the appellants, VanWagoner, Kraft, and Hawkins, filed a motion that the costs theretofore allowed by the court in their favor be allowed against the plaintiff and his surety on the injunction bond, which motion the court overruled. This appeal is prosecuted from the judgment of the court in over-ruling that motion. No evidence was offered on the hearing of the motion by either party.

It must be evident from what has been heretofore said in this opinion, that there is no merit in this appeal. It is needless for us to decide whether parties other than the obligees in the injunction bond may have their damages assessed upon a dissolution of the injunction against the obligors, provided they have rendered services taxable as costs. Conceding, for the sake of argument, that this can be done, it is evident that the obligors can be held responsible on the bond for such costs only, as have been caused by the injunction.

We have referred to the case of *Lewis* v. *Leahy* (14

Mo. App. 564), in support of the position, that the injunction bond, as far as it is a bond for costs, covers those costs only which have been caused by the injunction. We are aware that the judge delivering the opinion of the court in that case, says therein that "all costs and expenses incurred between the granting of the restraining order and its dissolution, were properly chargeable to the surety on the injunction bond." That language however must be confined to the particular facts of that case. It appears from another part of that opinion that there was "nothing to show that the costs were in any way increased by hearing the merits when the motion was heard, or that any witness was summoned who did not testify as to those matters which were necessarily passed upon in determining the motion to dissolve."

We think that on a point likely to arise so frequently as this, the practice should be uniform and the law well settled. It is for that reason that we make the foregoing comments on the opinion in *Lewis* v. *Leahy*, which we hope will prevent a further misunderstanding of the exact point decided in that case.

The action of the court in the case now before us, in taxing the amounts claimed respectively by the appellants as costs against the plaintiff, not having been excepted to, we are justified to assume that they were taxable costs. That fact, however, even if established, will not aid the appellants without the further proof that they were taxable costs caused by the injunction. On that subject the record is silent, and fails to disclose how, where, and on what account they were caused. It necessarily follows that, on the presumption exisiting in favor of the regularity of the judgment rendered by the trial court, that judgment must be sustained on that ground, irrespective of other points which might be urged in its support. All the judges concurring, the judgment is affirmed.