MARTIN NEISER, Plaintiff and Appellant, v. EMILE THOMAS AND HENRY W. WILLIAMS, Defendants and Appellants.

St. Louis Court of Appeals, May 26, 1891.

1. Injunctions: ASSESSMENT OF DAMAGES: COUNSEL FEES. Upon the dissolution of a temporary restraining order only the necessary counsel fees in obtaining such dissolution can be assessed as damages upon the injunction bond, regardless of the number of counsel actually engaged in the defense.

2. ——— : ——— : TIME FOR FILING MOTION. When the circuit
court, on the final hearing of a cause, dissolves a temporary
restraining order made by it therein, and the plaintiff in the cause
thereon appeals from the judgment, the motion for the assessment
of damages on the injunction bond may be made by the defendant
on the affirmance of the judgment by the appellate court ; due
notice of the motion to the plaintiff, however, is requisite in such
case.

3. ——— : EFFECT OF APPEALS : DAMAGES. In the case of such dis-
dissolution of a temporary restraining order, and of an appeal
from the judgment by the plaintiff, the appeal, though accom-
panied by a *supersedeas* bond, does not keep the restraining order
in force. Accordingly, no damages should, in such case, be
assessed upon the injunction bond for the services of counsel in
the appellate court.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

REVERSED AND NEW JUDGMENT ENTERED.

*W. C. Marshall,* for plaintiff.

*Leo Rassieur* and *Joseph S. Laurie,* for defendants.

ROMBAUER, P. J.—Both parties appeal from a
judgment assessing damages on the dissolution of an
injunction. The plaintiff obtained a temporary injunc-
tion against both defendants, which the circuit court on
final hearing dissolved, dismissing the plaintiff's bill.
The plaintiff thereupon appealed to the supreme court,
where the judgment was affirmed. Immediately after
the dissolution of the injunction the defendants·
filed separate motions for the assessment of dam-
ages, which motions were not acted on by the court
at the time, but were continued from term to term
presumably to await the issue of plaintiff's appeal.
After the supreme court had affirmed the judgment
dismissing the bill, the defendants filed a joint
motion to assess damages, and, these motions com-
ing on for hearing, the court compelled defendants
to elect whether they would proceed on the sepa-
rate motions or on the joint motion. The defendants
elected to do the latter. The plaintiff thereupon moved

to dismiss the motion, because it was not filed at the term at which the injunction was dissolved. This objection was overruled, and plaintiff excepted. In hearing the evidence on the question of damages, the court, against the plaintiff's objections, permitted the defendants to show the value of legal services rendered in the case to both defendants in the supreme court as well as in the circuit court. To this ruling the plaintiff again excepted, claiming that the damages should be confined to counsel fees in the circuit court in obtaining a dissolution of the injunction.

The defendants introduced evidence tending to show the aggregate value of the services of three counsel in the circuit court and supreme court; but the court ruled that they were entitled to an allowance only for necessary legal services, regardless of the number of counsel employed, to which ruling the defendants excepted. The court found in favor of defendants in the sum of $500, that amount representing necessary counsel fees of the defense in the circuit court and the supreme court.

The exceptions saved by the parties, as above stated, represent the assignment of errors which they now make respectively.

In passing on the defendants' assignment of error, it is proper to say, that the only defendant substantially interested in the proceeding is Thomas. Williams was the recorder of voters, and as such was about to issue a certificate of election to Thomas, but was restrained from so doing at the instance of the plaintiff, who was the incumbent of the office to which Thomas had been elected. Williams had no interest in the controversy one way or the other, and his position was certainly not antagonistic to that of Thomas in any sense. Whether more than one counsel was needed to represent both defendants was at most a question for the court, and the court properly ruled that the value of the necessary legal services to obtain a dissolution of

the injunction controlled the allowance for such services, and not the number of counsel actually employed. The defendant's assignment of error is, therefore, not tenable.

The plaintiff's first assignment is to the effect, that the court erred in hearing any evidence on the motion, because it was not filed in time.

Where a temporary injunction is dissolved and the bill dismissed, and no further proceedings are had, the damages on the injunction bond should be assessed during the term. We have so intimated in *Loehner v. Hill*, 19 Mo. App. 141, and the supreme court, in referring to that case in *Heffelmann v. Franke*, 96 Mo. 533, said that that ruling was in accord with the prevalent practice in such cases. But it is evident that such cannot be the rule, when the cause is further prosecuted by appeal, since, regardless of the fact whether the appeal operates as a continuance of the injunction, the supreme court may on appeal reinstate the injunction which had been resolved and make it perpetual ( *Rose v. Garrett*, 91 Mo. 65), and if it does so all the proceedings in assessing damages are nugatory. As it was decided in *Cohn v. Lehmann*, 93 Mo. 574, that an action on an injunction bond cannot be maintained before final decree is rendered in the case in which such bond was given, there appears to be no reason why the defendant should not wait until final decree, before he moves for an assessment of the damages, provided the plaintiff has due notice of the motion, which in *Heffelmann v. Franke*, *supra*, was deemed an essential requisite to a legal hearing. As in the case at bar, the defendants did file their motions at once upon the dissolution of the injunction in the first instance, and upon the final disposition of the case renewed it, and, as the plaintiff was present in court when the assessment of damages was had, it is not conceivable how he could be prejudiced by the action of the court in proceeding with the assessment of damages at that stage of the

case.    This assignment, therefore, must be ruled against
the plaintiff.

The merit of the plaintiff's second assignment is to
be determined by the fact, whether an injunction is
continued in force by an appeal from a judgment dissolv-
ing a temporary injunction and dismissing a bill, the
sole object of which is to obtain an injunction.    On
this question the authorities are not uniform.    This
court held in *Lewis v. Leahey*, 14 Mo. App. 566, that
it has been generally recognized by the profession in
Missouri that a restraining order, dissolved by a dis-
missal of a bill in equity, remains in force pending an
appeal from the order dismissing the bill, where the
proper steps are taken to obtain a *supersedeas*.    The
same view was reiterated in *State ex rel. Carroll v.
Campbell*, 25 Mo. App. 635, although, in view of the
fact that the supreme court denied our jurisdiction in
that case, it cannot be regarded as an authority.
While the point was not directly involved in *State ex rel.
Busch v. Dillon*, 96 Mo. 56, yet, Judge BRACE quotes
with approval the language of Chief Justice WAITE, in
*Leonard v. Ozark Land Co.*, 115 U. S. 465: "That
neither an injunction nor a decree dissolving an injunc-
tion is reversed or nullified by an appeal or writ of
error, before the cause is heard in this court," and thus
casts some doubt on the position assumed by this court
in *Lewis v. Leahey, supra*.

The Kansas City Court of Appeals in *Teasdale v.
Jones*, 40 Mo. App. 243, holding the intimation made
by the supreme court in *State ex rel. Busch v. Dillon,
supra*, to be equivalent to a declaration of law, there-
upon pointedly decided that an injunction dissolved on
final hearing was not continued by the giving of a
*supersedeas* bond on appeal, and, as it is important that
appellate courts in this state should adopt a uniform
rule on a question so important, we have concluded, in
view of the intimation of the supreme court, and the

express decision of the Kansas City Court of Appeals, to recede from our decision in *Lewis v. Leahey, supra,* and to adopt the rule as stated by the Kansas City Court of Appeals.

In *Wood v. Dwight,* 7 Johns. Ch. 295, Chancellor KENT, in speaking on this subject, said : "An appeal only stays further proceedings in the court, but here is no further proceeding. The order is perfect and finished *eo instanti* that it is entered ; and, if the injunction could be revived by the mere act of the party in filing an appeal, it would be giving him not only a power of control over the orders of the court, but of creating an injunction." In *Doughty v. Railroad,* 7 N. J. Eq. 629, the question underwent a very full discussion, the judges delivering their opinions *seriatim.* The question was whether the court of errors and appeals could, upon application, continue an injunction which was dissolved on final hearing by the trial court during the pendency of the appeal. Chief Justice GREEN said : "The injunction being dissolved, the appeal cannot revive the process or give it force. It cannot be revived but by a new exercise of judicial power. It is, in effect, the granting a new injunction. It is said that this is an original exercise of judicial power ; and unquestionably it is so. It is thereupon objected that this is a mere appellate tribunal, and cannot exercise such power. The consequence does not follow. It may not exercise original power in acquiring jurisdiction over the cause. But that jurisdiction once regularly obtained, this court may exercise original jurisdiction over the parties, especially when the proceeding is *in rem,* and the object of the order to maintain unchanged, as far as practicable, the status or condition of the subject-matter of the controversy during the pendency of the suit."

In Alabama it was decided at an early day in *Garrow v. Carpenter,* 4 Stew. & P. 336, that an appeal from a decree dissolving an injunction does not revive

and continue the injunction. An appeal lies in that state either from an order dissolving an injunction, or from a decree dismissing the bill, as it now does in this state under the act approved April 18, 1891. In order to avoid hardship in particular cases, the supreme court in that state adopted a rule requiring the chancellor, in cases where he dissolves injunctions, to take bond in form and penalty prescribed by him, which shall restore the injunction during the pendency of the appeal, and it was held in *Ex parte Planters & Merchants' Ins. Co.*, 50 Ala. 390, that the duty of the chancellor to take such bond is imperative and may be enforced by *mandamus*. In most of the American states where the English chancery practice prevails, the power of the appellate courts to reinstate injunctions upon proper terms during the pendency of an appeal is conceded. Such should be the rule in this state, if the rule announced in *Lewis v. Leahey* is abandoned, because many cases necessarily arise where the discontinuance of an injunction during the pendency of the appeal may work irreparable injury. It is to be hoped that, in view of this state of the law, and in view of the recent statute permitting appeals from orders dissolving temporary injunctions, the supreme court will promulgate a rule of practice on the subject, as a guide to inferior courts and litigants in this state.

The views herein expressed lead to a reversal of the judgment, since all the cases concede that such counsel fees only can be recovered as damages in injunction proceedings, as were necessarily incurred in obtaining a dissolution of the injunction. The cause, however, need not be remanded. The evidence preserved in the record is sufficient to enable us to separate the damages illegally assessed from those, to which the defendants are justly entitled. One of the plaintiff's witnesses on his cross-examination states that in this class of cases the value of the services of counsel in the trial court are about two-thirds of the value of the entire services,

since all the preparation on questions of law and fact have to be made before trial in the lower court. This view accords with our experience. We, therefore, find that the defendants are entitled to a judgment (as of March 10, 1890) of $333.33, damages caused to them by the injunction.

The judgment is reversed, and judgment entered in favor of the defendants for $533.33 in this court, such judgment to bear interest from March 10, 1890, the defendants paying the costs of these appeals. All the judges concurring, it is so ordered.