AUGUST LOEHNER ET AL., Appellants, v. B. A. HILL ET AL., Respondents.

St. Louis Court of Appeals, October 27, 1885.

1. PRACTICE—APPEALS—INJUNCTION—PRINCIPAL AND SURETY.— On the appeal of principal and surety from a judgment on an injunction bond, the surety may take advantage of all errors shown by the record.

2. ——— A surety on an injunction bond becomes a party to the record by a judgment against him on the bond, and may appeal from such judgment.

3. INJUNCTION—DAMAGES—PRACTICE.—A motion to assess damages on an injunction bond may be made after the injunction has been dissolved and the bill dismissed, if made before the term has lapsed.

4. ———— LACHES.—The record in this case does not show laches of the defendants in the matter of moving for a dissolution of the injunction.

APPEAL from the St. Louis Circuit Court, G. W. LUBKE, Judge.

*Affirmed.*

E. P. JOHNSON, for the appellants: Damages must be assessed upon the dissolution of the injunction, and not long after the dismissal of the bill. Rev. Stat., sect. 2712; *Dorriss v. Carter*, 67 Mo. 544. The injunction was merely auxiliary to the main action, and no motion was made to dissolve it until the final disposition of the cause; therefore, not even a nominal attorney's fee was allowable, and no other damages were attempted to be proved. *Bustamente v. Stewart*, 55 Cal. 115; *McDonald v. James*, 38 Superior Ct. (N. Y. 6 Jones & Spencer) 76; *Hovey v. Rubber Tip Pencil Co.*, 50 N. Y. 335; *Andrews v. Glenville Woollen Co.*, 50 N. Y. 282; *Carroll Co. v. Iowa R. R. Land Co.*, 53 Iowa 685; *Allport v. Kelley*, 2 Mont. 343; Rev. Stat., sects. 2717–18.

G. M. STEWART, for the respondents: The proceeding on the motion to assess the damages was for the purpose of ascertaining the amount of the damages. This was essential before the surety could be made liable at all. *Dorriss v. Carter*, 67 Mo. 544, and cases cited. To this proceeding the surety was not and could not be a party, and he is conclusively bound by that judgment. High, Inj. (2 Ed.) sect. 1669; *Lathrop v. Southworth*, 5 Mich. 436. Damages on the bond followed as a matter of course upon the dismissal of the bill and the dissolution of the injunction. High, Inj. (2 Ed.) sect. 1670.

ROMBAUER, J., delivered the opinion of the court.

Upon trial of a motion to assess damages on an injunction bond, against the principal and surety, the jury assessed the damages at $1,100. Of this amount, the defendants upon suggestion of the court, remitted $550, and judgment was entered in their favor for the residue. From this judgment both the principal and the surety now prosecute this appeal.

The respondents present the cause on a theory as if the surety alone had appealed, and contend that he can not be heard in this court on any question affecting solely the measure of damages adjudged. This argument is based on a misapprehension of the record. As both appeals are before us, the surety is not precluded from urging in this court any consideration for the reversal of the judgment which may properly arise upon the entire record. Moreover, we are inclined to hold on the authority of *Wash v. Allen* (50 Mo. 181), that when a judgment is rendered against a surety on an injunction bond, upon motion or otherwise, he becomes a party to the record within the meaning of section 3711, Revised Statutes, which grants to every person, aggrieved by any final judgment or decision of any circuit court in any civil cause, an appeal to the court having appellate jurisdiction, and as such has an independent right of appeal.

The testimony upon the trial of the motion, as far as it affects the merits of the appeal now before us, consisted of the reading in evidence of the injunction bond and restraining order, and giving evidence of the value of legal services of counsel for the defendants in the case.

The petition upon which the restraining order was granted is not preserved in the record, nor does it appear whether the injunction granted, and dissolved on dismissal of the suit, was the only object of the petition, or whether it was merely incidental to other relief.

The testimony offered as to the value of legal services was not confined to services rendered in obtaining a dissolution of the injunction, but was not objected to on that ground. The court, however, of its own motion instructed the jury, "that the only damages they can assess in favor of the defendants, is the reasonable value of their attorneys' and counsel fees in defending against the injunction up to the time of the dissolution thereof."

Thus it will be seen that there is no error in that part of the record, and as there is testimony tending to show that the defendants paid counsel fees and incurred liabilities for such in excess of $550, the judgment must be affirmed, unless the appellants' other objections are tenable.

Our statute provides that upon the dissolution of an injunction, in whole or in part, damages shall be assessed by jury, or if neither party require a jury, by the court. The injunction in this case was dissolved upon final dismissal of the suit, and the appellants claim that the cause was out of court, when the motion to assess damages was filed. This claim is not tenable. The meaning of the statute is not that damages must be assessed *instanter*, when the injunction is dissolved, but simply that the motion to assess damages shall be made before the court, by lapse of the term, has lost the power to entertain a motion for that purpose. Nor can we, under the particular facts of this case, give effect to the further argument advanced by the appellants, that as no one can enhance his damages by his own laches, the respondents herein have lost their claim for counsel fees, or at least the greater part thereof, by unreasonable delay in obtaining a dissolution of the injunction. However sound that argument may be when applied to a proper state of facts, the record fails to disclose such facts in this instance. The record in the main suit is not before us. The only evidence of delay is the time that elapsed between the granting of the restraining order and the final dismissal of the suit. From that fact

alone we are not authorized to conclude that the defendants were guilty of culpable neglect in not obtaining a dissolution of the injunction at an earlier date. The statute confers the right on a defendant to move for a dissolution of an injunction, after answer filed, but does not make it his duty so to do, at the risk of losing his claim for counsel fees. No facts are shown by the record here from which such duty could be implied.

The judgment is affirmed. All the judges concur.