Rose v. Garrett.

ROSE et al., Appellants, v. GARRETT.

Injunction: PRACTICE IN SUPREME COURT: OPENING PUBLIC ROAD. Where the judgment of the circuit court, establishing a public road, has been reversed and the proceedings held null and void by the Supreme Court, and after the rendition of its judgment and before its reversal, the circuit court dissolved a temporary injunction restraining the road overseer from opening the road in question, such judgment will also be reversed and the temporary injunction made perpetual.

*Appeal from Johnson Circuit Court.*— HON. N. M. GIVAN, Judge.

REVERSED.

*Cockrell & Suddath* for appellants.

The court will readily perceive that the road and lands in controversy in this case are the same as those involved in the case of *Anderson v. Pemberton*, 89 Mo. 61. This court, in its opinion in that case, holds that the proceedings locating the road were void, and that Mrs. Rose was the owner of the tract claimed by her and her husband. It necessarily follows, then, that the court below erred in dissolving the injunction, and that this court will reverse the decision of the court below, and perpetuate the injunction.

*Samuel P. Sparks* for respondent.

The assessment of damages to M. P. Fisher, who was the record and legal owner of the tract in possession of appellants, was not error. The statutes when they use the term, "owner," refer to the record owner as well as the legal owner, without regard to the equities

of those who may be in possession. *State ex rel. Hunt
v. Sack,* 79 Mo. 661 ; *Vance v. Corrigan,* 78 Mo. 94;
*Smith v. Ferris,* 6 Hun, 553. The testimony shows
that, since the institution of this suit, Mrs. Rose has
accepted a deed to the premises from the record and
legal owner, M. P. Fisher, thereby clearly recognizing
that the legal title and ownership was in Fisher at the
time of assessment of damages. B. F. Rose was in pos-
session, but his wife claimed the equity. Had the
damages been assessed to her it may have turned out
that he would have asserted a claim of legal ownership,
having been in possession the statutory period. It
was a case of *Scylla* on one side and *Charybdis* on the
other, and serves to illustrate the reasonableness of our
contention that the statute contemplates the record
"owner" as the party to whom damages should be
assessed.

RAY, J.—This case is an incident to, and grew out
of, the case of *Anderson v. Pemberton,* 89 Mo. 61. The
latter case was a proceeding, commenced in the county
court of Johnson county, to establish a certain public
road in that county. In the county court, an order was
made to establish and open up said road, from which
an appeal was taken to the circuit court, where a similar
order and judgment was also rendered, from which an
appeal was taken to this court, where the judgment was
reversed, and said proceedings held to be null and void,
in a well considered opinion by Sherwood, J. After
the judgment of the court in said cause was rendered,
and before the reversal thereof, by this court, the plain-
tiffs in this case (who, in right of the wife claimed to be
the owner and in possession of a part of the land, over
which said proposed road ran, and who had neither
relinquished the right of way, nor been assessed, or
paid damages therefor), commenced this proceeding, in
the Johnson circuit court, to enjoin the defendant, who

is district road overseer in said county, from proceeding to open up said road, and tear down plaintiffs' fences, in conformity to the wrongful order of said court to that effect, and thereby expose plaintiffs' crops to destruction and otherwise inflict upon plaintiffs irreparable damage, for which they have no adequate remedy at law, unless so restrained by the order of said court to that effect.

Upon filing the petition, in the present case, a temporary injunction was granted, which, upon the final hearing, was, by the circuit court, dissolved, and the bill dismissed, from which the plaintiffs appealed to this court. As the judgment of the circuit court, establishing the road in question, has been reversed and said proceedings held to be null and void, by this court, in the case of *Anderson v. Pemberton, supra*, it follows that the judgment of the circuit court in this case, dissolving the temporary injunction, and dismissing the bill, must now be held error, for the reason assigned in said opinion, and for that reason, and the reasons there assigned, said judgment, so dissolving the temporary injunction, is hereby reversed, and said temporary injunction made perpetual, in which all the judges concur.