MARY M. ANDERSON, Appellant, v. ROBERT S. ANDERSON, Respondent.

Kansas City Court of Appeals, December 4, 1893.

1. **Divorce**: ALIMONY: CONSTRUCTIVE SERVICE. An action to dissolve the marriage relation is a *quasi* suit *in rem*, the marriage *status* being the *res;* and on constructive service and nonappearance of the defendant the most that can be done is to abrogate the marriage relation to the relief of plaintiff; but there can be no personal judgment for alimony against the defendant.

2. ————: ————: ————: MOLLIFYING JUDGMENT: PROCESS. When there has on constructive service only been a decree of divorce entered, without any judgment of alimony, whether at a subsequent term, the court can modify such decree by making an allowance for alimony, *quære*. *Held*, however, that to such supplementary proceeding the defendant must be brought in by regular process, or enter his appearance.

3. **Trial, Practice**: WAIVER OF PROCESS: DEPOSITION. The mere presence of defendant at the time and place of plaintiff's taking of depositions, without any participation therein, will not amount to a waiver of service of process, though notice of their taking was given to defendant.

4. **Injunction**: DISSOLUTION: ATTORNEYS' FEES AS DAMAGES. Reasonable attorneys' fee for procuring the dissolution of an injunction are rightly considered in the assessment of damages on plaintiff's bond, yet, the amount to be allowed therefor is limited to fees paid the attorney for procuring the dissolution and do not include fees paid for defending the entire case; and where the injunction is, as in this case, only incidental to the main contention and is dissolved by the judgment on the main controversy, counsel fees for the dissolution are not recoverable in an action on the bond.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS. A. ANTHONY, Judge.

AFFIRMED in part; REVERSED in part.

*Chas. H. Anderson* for appellant.

(1) The court erred in sustaining defendant's motion to set aside the order for temporary alimony, and in not making plaintiff an allowance to cover costs herein. As to the alimony *pendente lite* the plaintiff is entitled to such an allowance without regard to the result of the main suit. The court grants this allowance on a *prima facie* case made out. *Harriot v. Railroad,* 8 Abbott's Pr. 284; *State ex rel. v. Seddon,* 93 Mo. 520; *Walker v. Pritchard et al.,* 135 Ill. 103; *Blair v. Reading et al.,* 99 Ill. 615; *Noble v. Arnold,* 23 Ohio St. 264; *Riddle v. Cheadle,* 25 Ohio St. 278; *Langworthy v. McKelvey,* 25 Iowa, 48. (2) In this supplemental proceeding, in which personal service is had on the defendant within the jurisdiction of the court, the jurisdiction of the court is extended to the same limit it would have acquired had personal service been had on the defendant in the original divorce case. In support of this position we cite the case of an attachment against a nonresident of the state, where service has been by publication and no appearance. The application must be an incident to the divorce case. *Doyle v. Doyle,* 26 Mo. 545. We have made it such. The application is properly made by a motion in the divorce case. *Chester v. Chester,* 17 Mo. App. 657; *Covell v. Covell,* 2 Prob. & Div. Law Rep. 411; *Bankston v. Bankston,* 27 Miss. 692; *Wilde v. Wilde,* 36 Iowa, 319; *Lyons v. Lyons,* 21 Conn. 185. An order for alimony can only be made by the court having jurisdiction of the divorce case. *Bennett v. Southard,*

35 Cal. 688; *Bowman v. Worthington*, 24 Ark. 522; *Turner v. Turner*, 44 Ala. 437; *Fischli v. Fischlie*, 1 Blackf. 360; *Chester v. Chester, supra.* In this respect we have complied with the requirements. Reasonable notice is required by statute, which is usually five days. We have given twelve days notice of application to be made. Revised Statutes, 1889, section 5493. As to the service of notice being sufficient in a summary proceeding we cite the following cases: *George v. Middough*, 62 Mo. 549; Wade on Law of Notice, sec. 1142; Wade on Law of Notice, sec. 1187, citing; *Gorham v. Luckett*, 6 B. Mon. 146; *Jenkins v. State*, 33 Miss. 382; Wade on Law of Notice, sec. 1190. Putting all other service aside, the fact of the defendant having entered his appearance at the taking of the depositions, and acknowledging that he would consent and agree to anything that the deponent said, is sufficient to give this court jurisdiction of the person of the defendant, and thus give the court complete jurisdiction to grant alimony. *Bates v. Scott Bros.*, 26 Mo. App. 428; *Berry v. Trust Co.*, 75 Mo. 433. Entry of appearance once made cannot be retracted. *Cooley et al. v. Lawrence*, 5 Duer, 605. Appearance to a cause is presumptively equivalent to process and service. *Page v. Railroad*, 61 Mo. 79; *Eldred v. Black*, 17 Wall. 552; *Borum v. Reed*, 73 Mo. 461; *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351; *Tuller v. Beck*, 15 N. E. Rep. (N. Y.) 396; Revised Statutes, 1889, sec. 533; *Donnell v. Byron*, 80 Mo. 332; Revised Statutes, 1889, sec. 4505; *Schmidt v. Schmidt*, 26 Mo. 235; *Moster v. Moster*, 53 Mo. 326. (3) Below will be found the leading cases in England and the United States in reference both to independent applications for alimony or maintenance, and applications incidental to divorce or separation suits. *Covell v. Covell*, 2 Prob. & Div. Law Rep. 411; *Westmeath v. Westmeath*, 3

Knapp, 42; *Turner v. Turner*, 44 Ala. 437; *Rogers v. Rogers*, 15 B. Monroe (Ky.) 364; *Shotwell v. Shotwell*, 1 Sm. & M. Ch. 51; *Lawson v. Shotwell*, 27 Miss. 630; *Bankston v. Bankston*, 27 Miss. 692; *Verner v. Verner*, 62 Miss. 260; *McFarland v. McFarland*, 64 Miss. 449; 1 S. Rep. 508; *Blythe v. Blythe*, 25 Iowa, 266; *Platner v. Platner*, 23 N. W. Rep. (Iowa, 1885), 764; *Wilde v. Wilde*, 36 Iowa, 319; *McKarracher v. McKarracher*, 3 Yeates (Penn.), 56; *Prescott v. Prescott*, 59 Me. 146; *Gilley v. Gilley*, 79 Me. 292; 9 Atl. Rep. 623; *Richardson v. Wilson*, 8 Yerg. (Tenn.) 67, 1835; *Chester v. Chester, supra; Hooper v. Hooper*, 19 Mo. 355; *Simpson v. Simpson*, 31 Mo. 24; *Daniels v. Daniels*, 9 Colo. 133; 10 Pac. Rep. 657, and cases cited; *Davis v. Davis*, 4 S. W. Rep. 822; *Bowman v. Worthington, supra; Galland v. Galland*, 38 Cal. 265; *Wilson v. Wilson*, 45 Cal. 399; *Woods v. Waddle*, 26 Am. Law Reg. 31; *Niles v. Vanderzer*, 14 How. Pr. 547; *Abraham v. Mitchell*, 8 Abbott's Pr. 123.

*William C. Ellison* for respondent.

GILL, J.—In the year 1884, the plaintiff, Mrs. Anderson, begun her suit for a divorce from the defendant, Robert S. Anderson. In the petition defendant was charged with desertion, that he was a nonresident of the state, and constructive service of notice was had by publication. This *ex parte* suit was heard in March, 1885, and the plaintiff was divorced. No alimony was asked and none awarded. Five years thereafter (in June, 1890) plaintiff filed her motion asking the court to allow and decree her suitable alimony and maintenance out of the estate of the defendant. In this application the plaintiff set out the facts as to the original petition and decree of divorce and that she did not ask alimony at that time because the defendant was then

insolvent, etc.; but went on to state that since that time he had acquired property, of considerable value, from a deceased father. In her application plaintiff stated that the defendant was a spendthrift and of reckless and dissipated habits, and she prayed an order enjoining him from disposing of or encumbering his property until her motion was finally heard, etc.

Several days prior to the filing of her motion, plaintiff made out and served on the defendant at St. Louis a notice in writing of her intention to file said application in the Nodaway court, on the sixteenth day of June, 1890. This notice was directed to R. S. Anderson and signed Mary M. Anderson, per Charles H. Anderson, her attorney. It appears to have been served by a third party, who made oath to such service. On June 16, 1890, the court, in pursuance of the plaintiff's notice, but in the absence of the defendant, heard the motion filed that day by the plaintiff, made an order temporarily restraining the defendant from disposing of his property, allowed plaintiff $500 as alimony *pendente lite*, and ordered the case set for a final hearing on July 2, 1890. This order was on June 24, 1890, served on the defendant. At the following November term the Nodaway court, on motion of defendant, set aside the order for temporary alimony, dissolved the injunction and dismissed plaintiff's petition, all on the ground that the court had no jurisdiction of the person of the defendant. Defendant, in making this motion to dismiss, expressly limited his appearance to the purposes thereof.

From this judgment of the lower court, refusing to entertain plaintiff's application for alimony, an appeal was taken.

I. An action to dissolve the marriage relation is a *quasi* suit *in rem;* the marriage *status* is the *res*. The domicil of the plaintiff locates this *status* so as to give

jurisdiction to the local court; but the courts are not authorized under our statute law to destroy this marriage *status* until the publication of notice to the defendant; and, when this constructive notice is had, the court may proceed to hear and determine whether or not this marriage relation shall be abolished or continued.   On such constructive service of notice, and nonappearance of the defendant, the most that can be done by the court where the cause is pending is, upon a proper showing, to abrogate the marriage relation and relieve the plaintiff of this bond of union.   There can be no personal judgment for alimony against the defendant, for he is not in person before the court.   It was so settled in this state twenty years ago.   *Ellison v. Martin*, 53 Mo. 75; 2 Bishop on Marriages and Divorces, sec. 79.   Now, in this case, when in 1885 Mrs. Anderson prosecuted to judgment her action for divoce, she was not, and could not be, awarded the allowance of alimony, because there was not in the presence of the court anything upon which to act—the defendant was not there, the matrimonial *res* only was there.

But here was an effort, in 1890 (five years after the original decree of divorce), to open up the case by a supplemental motion and have alimony adjudged against the defendant.   We take it that plaintiff was incited to this supplemental proceeding by a section of our statutory divorce law.   That section provides for the allowance of alimony when a divorce shall be adjudged, etc., and then states that "the court, on the application of either party, may make such .alteration, from time to time, as to the allowance of alimony and maintenance as may be proper," etc.   Revised Statutes, 1889, sec. 4505.

It may be well contended that this power given to the court to subsequently *alter* its decree as to alimony only exists where there was original jurisdiction to

allow alimony; and that in cases like this, where there was no original judgment as to alimony (and in the nature of things could be none), then there was an absence of authority to *alter or modify* any such decree of allowance. As to this, however, we shall not decide; it is unnecessary in the disposition of this case. It is sufficient now to say that, if the court could not originally enter its decree allowing plaintiff alimony— because the defendant was not personally served with process or did not appear to the action—then manifestly there could be no such order now, unless the defendant in this supplemental proceeding was legally brought into court. Jurisdiction over the person of a defendant can only be acquired in the manner pointed out by law, or by the voluntary appearance of the defendant in court and thereby submitting himself to its jurisdiction. 1 McQuillin on Pleading and Practice, sec. 155; *Huff v. Shepard,* 58 Mo. 246; *Thompson v. Allen,* 86 Mo. 85–88. The like process for bringing in a defendant is required in divorce suits as in other civil actions. Sec. 4501 Revised Statutes, 1889. The process for securing the presence of a defendant in the ordinary civil suit is the suing out of the court a writ of summons which is in effect a command in the name of the state of Missouri on the defendant to appear and answer the plaintiff's complaint. Revised Statutes, 1889, secs. 2013, 2016 and 8950; Constitution of Mo., sec. 38, art. 6.

Now there was no legal process served on the defendant in this proceeding. The plaintiff simply served him with a notice (signed by her attorney) that she would on a certain day file her petition or motion asking an allowance of alimony. This is not the way pointed out by the statute for securing the legal presence of a party defendant in the cause. And as the defendant did not appear before the court he

was not there, in the legal sense of the term; and any judicial determination as to the matter of alimony against such defendant would have been without authority or legal sanction, null and void.

There was nothing in the matter of depositions taken by the plaintiff, on notice to defendant, that could in any way be construed as an appearance by the defendant. That defendant was present in person at the time and place of the taking of plaintiff's depositions did not commit him to the jurisdiction of the court. He took no part whatever in taking such depositions; made no objections to the evidence; examined or cross-examined no witness, did nothing, said nothing that should in any way be construed in law as an admission that he was subject to the juridiction of the court.

We conclude, then, that, the lower court properly declined to entertain this application for alimony and rightly denied the motion therefor.

II. But we hold the court committed error in the assessment of damages on the injunction bond. From the record it appears that after the court had determined that it would not entertain the application for alimony, for the want of jurisdiction so to do, it proceeded on defendant's motion to, and did, enter a further formal judgment dissolving the auxiliary injunction, and assessed as damages the defendant's counsel fees for the entire cause.

While reasonable attorney's fees for procuring the dissolution of an injunction are rightly considered in the assessment of damages on the plaintiff's bond, yet the amount to be allowed therefor is limited to the fees paid the attorney for procuring the dissolution and do not include fees paid for defending the entire case. The "true test," says a reputable author, "with regard to the allowance of counsel fees as damages would

seem to be, that if they are necessarily incurred in procuring dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered. But if the injunction is only ancillary to the principal object of the action and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees cannot be recovered. Thus where the principal purpose of the action was to adjudicate a question of title, and an interlocutory injunction was obtained, but no motion was ever made or argued for its dissolution, and the case was finally tried upon its merits upon the question of title and decided in favor of defendants, and the injunction was thereupon dissolved by virtue of the judgment upon the main controversy, it was held that counsel fees for the dissolution could not be recovered in an action on the bond." 2 High on Injunctions [3 Ed.], sec. 1686. See, also, *Walker v. Pritchard*, 135 Ill. 109; *Weaver v. Fries*, 85 Ill. 356; *Noble v. Arnold*, 23 Ohio St. 264; *Langworthy v. McKelvey*, 25 Iowa, 51.

We don't wish to be understood that where there is an ancillary injunction sued out of the main case, there can be no attorneys' fees allowed as damages in the dissolution thereof. But we hold, as was declared in *Behrens v. McKinzie* (23 Iowa), "that while reasonable compensation for legal services in procuring a release of the injunction might be recovered as damages on the bond, but that this would not allow attorneys' fees for defending the entire action, but alone for procuring the dissolution of the writ or releasing the property from its operation; and this is as far as we think the rule should go." This limit as to the allowance of fees has been frequently recognized. In addition to above authorities, see also, *Skrainka v. Oertel*, 14 Mo.

App. 474–482; *Bohan v. Casey*, 5 Mo. App. 102–111; *Blair v. Reading*, 99 Ill. 615.

Now, the attorney's fees in the case at bar accrued altogether in the litigation of the main controversy, to-wit, whether or not plaintiff was entitled to alimony; and that question being determined adversely to the plaintiff, because of the want of jurisdiction in the court, dismissal necessarily followed, and along with it the injunction fell. A motion to dissolve was unnecessary; the disposition of the main question litigated, *ipso facto*, relieved the defendant of the injunction. The $100 as counsel fees charged as damages against the plaintiff and her sureties we think were improperly allowed.

It results, then, that we affirm the judgment of the lower court wherein alimony was denied the plaintiff, but reverse the same as to said assessment of damages on the injunction bond. The costs of this appeal will be equally divided between the parties. All other costs are adjudged against the plaintiff. All concur.