BROWN *et al.* v. BALDWIN *et al.*, *Appellants.*

Division Two, March 13, 1894.

1. **Fixtures:** MACHINERY. Portable machinery placed on the land of another with his acquiescence pending an honest dispute as to the title and which can be removed without injury to the freehold will not constitute a fixture.

2. **Injunction:** DAMAGES: IMPROVEMENTS ON LAND: ATTORNEY'S FEES. Damages occasioned by an injunction restraining plaintiff in ejectment from taking possession of the land until the value of the improvements is ascertained do not include attorney's fees in the action for such improvements.

*Appeal from Madison Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*B. B. Cahoon* for appellants.

(1) The supreme court alone has jurisdiction of this appeal, the amount in controversy and claimed by the appellants being largely in excess of $2,500, and the title of real estate (the fixtures in question) being directly in issue. Const. 1875, art. 6, sec. 12; *Gerke v. Gerke*, 100 Mo. 237; *State ex rel. v. Lewis*, 96 Mo. 146; *Co. v. Guggemos*, 24 Mo. App. 144; *Willi v. Lucas*, 40 Mo. App. 70; *Gardner v. Terry*, 99 Mo. 523; *Searen v. Blackwell*, 40 Mo. App. 625; *Dunn v. Miller*, 96 Mo. 324. (2) Under the claims made in the motion to assess damages, and under the facts of this appeal, the following cases are inapplicable. *State ex rel. v. Gill*, 107 Mo. 49; *Wolf v. Matthews*, 98 Mo. 246; *Anchor Milling Co. v. Walsh*, 97 Mo. 287. (3) Appellees in the main case *ante* p. 106, raised in the circuit court constitutional questions and questions of title to this real estate, which are likewise involved in this motion in that, if the views of appellees herein, being the appellants in the main case, are sustained, appellants herein would not be entitled to a final recovery of damages on the injunction bond. Consequently the appeal of said motion is properly before this court. Art. 6, sec. 12, constitution of Missouri; *State ex rel. v. Court of Appeals*, 105 Mo. 642; *Baldwin v. Fries*, 103 Mo. 286; *State ex rel. v. Court of Appeals*, 97 Mo. 281; *Insurance Co. v. Hill*, 86 Mo. 466; s. c., 12 Mo. App. 148; *Humes v. Railroad*, 82 Mo. 221; *Response to Inquiry by Gov.*, 58 Mo. 369. (4) The appeal by appellees herein from the circuit court's judgment, dissolving

the injunction did not continue in force the injunction. Hence the hearing of this motion now, pending and before that appeal has been determined by the supreme court, is proper. *Teasdale v. Jones*, 40 Mo. App. 243; *Neeser v. Thomas*, 46 Mo. App. 37; Laws, Mo. 1891, p. 70; High on Injunctions [1 Ed. 1873], sec. 893, and note; 2 High on Injunctions [Later Ed.], secs. 1536, 1709; *Leonard v. Land Co.*, 115 U. S. 465; *State v. Dillon*, 96 Mo. 56; R. S. 1889, secs. 4647, 5500, 5501, 2449, 2286, 2288, 2289; *Guilford v. Cornett*, 4 Abbott Pr. (N. Y.) 220; *Hoyt v. Carter*, 7 How. (N. Y.) 140; *Hoyt v. Gelston*, 13 Johns. 139; *Wood v. Dwight*, 7 Johns. Ch. 295; *Gasson v. Carpenter*, 4 Stew. & Car. (Ala.) 336; 67 Mo. 544; 16 Mo. App. 341; 17 Mo. App. 41; 19 Mo. App. 144. (5) Attorney's fees for appellants for the preparation of and for the trial of the whole case in the circuit court should have been assessed and there was neither basis for nor justification of the action of the circuit court in splitting up said fees. *Holloway v. Holloway*, 103 Mo. 285; *Brownlee v. Fenwick*, 103 Mo. 431; *Hammerslough v. Association*, 79 Mo. 81. The circuit court allowed but $200 on account of appellants' attorneys' fees, while appellees' testimony showed they were worth at least $750 for the resistance by appellants of appellees' injunction. (6) Besides attorneys' fees (and rents to be hereafter treated), all damages of every character suffered, met or paid by appellants in resisting said injunction are to be assessed by the circuit court on her motion to assess such damages on the dissolution of the injunction, notwithstanding an appeal was taken from the judgment dissolving the injunction. *Teasdale v. Jones*, 40 Mo. App. 243; *Stump v. Hornback*, 109 Mo. 120; *Brownlee v. Fenwick*, 103 Mo. 430–432; *Hale v. Megan*, 39 Mo. 272; *Bircher v. Parker*, 40 Mo. 120. (7) Among the damages to be allowed on such motions are a reason-

able attorney's fee paid or agreed to be paid.  High on Injunction, sec. 974; 69 Mo. 120; *Buford v. Packet Co.*, 69 Mo. 611; *Skrainka v. Oertel*, 14 Mo. App. 474; *Holthaus v. Hart*, 9 Mo. App. 1; *Walsh v. Lackland*, 8 Mo. App. 122; *Bohan v. Casey*, 5 Mo. App. 10; *Buford v. Packet Co.*, 3 Mo. App. 159; *Lessee v. Railroad*, 2 Mo. App. 105.  (8) Expenses of the litigation of any character, including loss of time of the parties preparing their cause for trial and in attending court upon the case at any time.  *Railroad v. Schneider*, 30 Mo. App. 624; *Skrainka v. Oertel*, 15 Mo. App. 566; *Walsh v. Lackland*, 8 Mo. App. 122; *Leissee v. Railroad*, 2 Mo. App. 105.  (9) Rents for the use of real estate during the period the party has by the litigation consequent upon the injunction been deprived of its possession. *Stump v. Hornbeck*, 109 Mo. 280; *Brownlee v. Fenwick*, 103 Mo. 431; *Bircher v. Parker*, 40 Mo. 120; *Hale v. Morgan*, 93 Mo. 272.  (10) Loss of the property by fire pending the injunction.  *Bircher v. Parker*, 40 Mo. 120; *Kennedy's Adm'r v. Hammond*, 16 Mo. 541.

*M. R. Smith* and *Wm. Carter* for respondents.

(1) This court is without jurisdiction to hear this proceeding.  Const. art. 6, sec. 12; *Kerr v. Simmons*, 82 Mo. 273; *State ex rel. v. Court of Appeal*, 97 Mo. 281; *Anchor Milling Co. v. Walsh*, 97 Mo. 287; *State ex rel. v. Gill*, 107 Mo. 49.  (2) The appellants are entitled only to such damages caused them on account of time lost and money expended, including a reasonable attorney's fee, in defending against the injunctive feature of the suit for improvements, and not for time lost and money expended in defending against the main suit for improvements.  *First.* Purpose of granting injunction.  R. S. 1889, sec. 4647; *Tissier v. Hill*, 13

Mo. App. 38; *Stump v. Hornbeck*, 109 Mo. 280; *Malone v. Stretcher*, 69 Mo. 25; R. S. 1889, secs. 5498, 5501; *Dorris v. Carter*, 67 Mo. 544. *Second.* Attorney's fees should be apportioned in this case. *Holloway v. Holloway*, 103 Mo. 285; *Langworthy v. McKelvey*, 25 Iowa, 48; *Collins v. Sinclair*, 51 Ill. 328; High on Injunction, sec. 974, and notes; *Walker v. Pritchard*, 25 N. E. Rep. (Ill.) 573; *Mackey v. Plumb*, 36 Ill. App. 604; *Thomas v. McDaniel*, 42 N. W. Rep. 301; *Zibill v. Barnett*, 30 Ill. App. 112; *Lamb v. Shaw*, 45 N. W. Rep. (Minn.) 1134; *Taber v. Clark*, 25 Pac. Rep. (Col.) 181; *Lambert v. Alcorn*, 33 N. E. Rep. (Ill.) 53; *Lawrence v. Trainer*, 136 Ill. 447. *Third.* The ancient chancery practice after coming in of answer on motion to dissolve the writ. 2 Daniel's Chan. Prac. [4 Ed.], p. 1675, and note 7; *Minturn v. Seymour*, 4 John. Ch. 173; 2 Daniel's Chan. Prac. [4 Ed.], p. 1678, and citations; High on Injunction, secs. 1001, 1005, and note 2; *Robert v. Anderson*, 2 Johns. Chancery, 444; High on Injunction, sec. 880, *et seq.*; Shepley's Brief, 14 Mo. 75. *Fourth.* Upon the hearing on motion to dissolve, burden of proof on motioner. High on Injunction, sec. 881; *Miller v. Washburn*, 3 Ired. Eq. 161. *Fifth.* Character of action in other states as to the injunction process. *Beard v. Dahsty*, 2 S. W. Rep. (Ark.) 701; *Van Valkenberg v. Ruby*, 3 S. W. Rep. (Tex.) 748; *Fowler v. Schafer*, 32 N. W. Rep. (Wis.) 292; *Counts v. Kitchens*, 7 S. W. Rep. (Ky.) 538; *Henting v. Redden*, 16 Pac. Rep. (Kan.) 820; *Fisher v. Edington*, 1 S. W. Rep. (Tenn.) 499; *Van Bibber v. Williamson*, 37 Fed. Rep. (Ohio) 756. *Sixth.* The adoption of the statute as to improvements did not abrogate the existing equitable remedy. *Riley v. McCord*, 24 Mo. 265; *State v. Bittinger*, 55 Mo. 599; *Tucker v. Insurance Co.*, 63 Mo. 594; *Hanna v. Davis*, 20 S. W. Rep. 688; *Coal Co. v. Bingham*, 97 Mo. 212. (3) Appellants are

entitled only to damages for the reasonable rental value per annum from the date of serving the writ of injunction up to the date of the judgment of the lower court, for the land, including the buildings thereon, used and occupied by respondents for a factory site. High on Injunction, sec. 965; *Wallis v. Dilley*, 7 Md. 97; *Burgen v. Sharer*, 14 B. Mon. 497. (4) Respondents say that under the evidence the machinery of every kind whatsoever, including boilers, engines and their appurtenances used by them in manufacturing staves, are chattels and not fixtures, and for that reason appellants have no interest in the rents and profits arising therefrom. *Thomas v. Davis*, 76 Mo. 76; 2 Kent's Com., p. 343; *Padjit v. Cleveland*, 11 S. E. Rep. (S. C.) 1069; 32 Cent. Law Journal, 202; *Manwaring v. Jenison*, 27 N. W. Rep. (Mich.) 899; *Aldine Mfg. Co. v. Barnard*, 84 Mich. 632; *Vail v. Weaver*, 19 Atl. Rep. 138; *Smith v. Whitney*, 18 N. E. Rep. 229; *Jones v. Bull*, 19 S. W. Rep. (Tex.) 1031; *Brown v. Light and Power Co.*, 55 Fed. Rep. (C. C.) 229; *Gregg v. Railroad*, 48 Mo. App. 494; *Bartlett v. Haviland*, 92 Mich. 552. "A trade fixture as a rule will be regarded as personalty." *Frederick v. Deval*, 15 Ind. 357; *Hey v. Bruner*, 61 Pa. St. 87; 4 Lead. Cases Am. Real Prop., pp. 519, 520; Ewell on Fixtures, title, "Trade Fixtures," pp. 91, 92 and 93, and particularly note 3.

GANTT, P. J.—This is an appeal from the judgment of the circuit court of Madison county, on the motion for the assessment of damages on the injunction bond, given by appellees, in the proceedings to recover the value of permanent improvements, wherein the judgment was rendered for appellants and the injunction dissolved, which judgment has been affirmed by this court.

After the ejectment suit of *Pool v. Brown*, 98 Mo.

675, had been decided adversely to the defendants, they commenced their action under the statute to recover the value of their improvements and gave bond and obtained an injunction to stay execution pending their ascertainment. The condition of the bond is that "they shall pay all damages that may be occasioned by said restraining order or injunction to said Carrie Baldwin and Thomas Baldwin."

On the trial of this motion the defendants, Mrs. Baldwin and her husband introduced the proceedings leading up to the injunction and its dissolution. They also introduced the bond, and all the evidence that was offered in the suit for improvements. They introduced the evidence of Mr. Mollineaux, the superintendent of the Browns, to show the character, and the size of the engines, boilers, saws, and other machinery used in said factory. Their claim for rents and profits was based on the theory that this machinery was a fixture and had become part of the realty and the rents should be established on that basis, whereas the Browns claimed they were chattels. The other items of damages consist of attorneys' fees, traveling expenses attending the trial and preparing therefor. The attorneys for Mrs. Baldwin claimed she was entitled to recover as damages their fees for defending the whole case for improvements. On the other hand, the Browns claimed that defendants were only entitled to rents for the land, including the buildings thereon, at a reasonable rental value from the date of the injunction to its dissolution, and that the machinery of all kinds were chattels, and not fixtures, and no rents could be based on their value.

As to attorney's fees and expenses, the court gave these two instructions, as the basis of assessing the damages therefor:

"2. The court declares the law to be that, under the evidence in this proceeding to assess damages

against the plaintiffs herein, the defendants are entitled only to such damages for attorney's fees as would be a reasonable fee expended against the writ of injunction issued in this cause; and further (declares the law to be), that said defendants are not entitled to have assessed against plaintiffs the fee charged for services rendered by their attorneys in defending against the suit for improvements, of which this proceeding is only ancillary.

"3.   The court declares the law to be, that the defendants are entitled only to such damages by way of time lost and money expended in defending against the writ of injunction as were by them lost and expended in their defense to the suit for improvements."

To the giving of each and all said instructions the said defendants, Carrie Baldwin *et al.*, then and there objected and excepted at the time.

It also refused defendants' declarations to which they duly excepted.

The court then assessed the damages at $781.82; $234.62 as rental for the forty acres from August 22, 1890, to December 27, 1892, and assessed the attorney's fees and expenses at $347.20.

I.   The primary proposition to be determined in this case is the character of the machinery, boilers and other implements used in manufacturing the staves in the factory erected by William Brown, and afterwards operated by "The Pioneer Stave Keg Works Company," his successor.   If they are fixtures, as that term is now used and accepted by the profession and courts of this state, and thereby, a part of the land, the damages appear very inadequate.   If, on the other hand, they are chattels then it is evident Mrs. Baldwin had no claim to rents based upon their value.

Courts have long since abandoned the attempt to reconcile the cases involving fixtures.   Much of the

confusion grows out of the use of the word by different text writers and courts. According to many of the earlier text-books and cases, "a fixture in law, was a thing not fixed," and was applied to a chattel so affixed to the freehold, that it could be removed without injury thereto and might be severed by the party so annexing it, without the consent of the owner of the freehold. It is, however, now used in this state to describe a chattel which has become so annexed to the freehold as to become a part of it and can not be removed without the owner's consent. This use of the word is less likely to produce misapprehension. The confusion in the decisions, however, is just as great, whatever the signification ascribed to the word. In *Strickland v. Parker*, 54 Me. 265, it was said: "It is not to be disguised that there is almost bewildering difference and uncertainty in the various authorities, English and American, on this subject of fixtures, and on the question of what passes by a transfer of the realty. One thing is quite clear in the midst of the darkness; and that is, that *no general rule*, applicable to all cases and to all relations of the parties, can be extracted from the authorities." *Thomas v. Davis*, 76 Mo. 76.

We think the reliable evidence very plainly shows that William Brown entered upon this land under a warranty deed from the railroad company and began his factory in good faith; that before he had proceeded far, Pool notified him, in writing, of his title; that it was then mutually agreed that Brown might investigate the title and if he found it to be in Pool, he could buy the land for $5 per acre; that, pending this investigation, Pool came on the ground in person and knew the factory was being built and the machinery placed in it and took no steps to prevent it. but expressly said "that he had not come to stop the factory *but wanted it to progress and run and the question of title would be set-*

*tled by him and Brown.''* He owned seven hundred acres of timber land in the immediate neighborhood, and a factory of this character would of necessity be of great value to his land, either in enhancing its market value or providing a ready market for the timber alone.

When it is considered, then, that from December, 1881, to July, 1883, Pool permitted Brown to go on making improvements and expressing a desire not to interfere with the factory, we think it furnished ample evidence from which the court could find that these boilers, engines and saws were there by Pool's consent, and that they were treated by both, Brown and Pool, as distinct from the land. *Hines v. Ament*, 43 Mo. 298; *Matson v. Calhoun*, 44 Mo. 368; *Desloge v. Pearce*, 38 Mo. 588.

Moreover the character of this machinery was such that it was considered portable by the witnesses. Brown had it at Lutesville and moved it to Brownwood simply to be more accessible to the timber. That Brown himself never considered it a permanent location, we think is evident, from the fact that he resided in St. Louis, and his only purpose of acquiring the land was to obtain timber for staves. At that time, the country was hardly inhabitable. It was an unexplored wilderness in this immediate section and was very unhealthy. The land was worth $200, the machinery $32,000.

It would serve no good purpose to review the testimony in detail, but we agree with the learned circuit judge that the machinery of all kinds in this factory was chattel property and did not vest in Mrs. Baldwin. The old test of *"removal without injury to the freehold"* can certainly be applied here in plaintiffs' favor and when there is added to this the fact that it was placed there pending an honest dispute as to *title with the acquiescence of Pool,* and the portable character of such

property, we violate no rule of law in holding they were not fixtures, and certainly, *none of the equities* in not giving Mrs. Baldwin property of the value of $30,000, for which she has paid nothing, and whose removal will not injure her land.

II.   The other assignment relates to the measure of damages.   It is insisted that the court erred in not allowing Mrs. Baldwin her attorney's fees for defending this whole case for improvements, instead of restricting her to reasonable fees in and about the injunction proper.   In disposing of this question, the object and purpose of the injunction must be kept in view.   The injunction was obtained under section 4647, Revised Statutes, 1889, which provides that "an injunction may be granted to stay the plaintiff from taking possession of the land until the value of the improvements is ascertained, or the further order of the court."

It is, we think, apparent, that the injunction in this case is merely ancillary to the main cause of action. The bond so given is to secure rental while the restraining order is in force, and for waste and necessary costs and expenses growing out of the injunction itself.   In *Holloway v. Holloway*, 103 Mo. 274, it was held that "It may be stated as a general rule that the damages to be allowed are such and such only as are actual, and the proximate result of the restraining order."

Mr. High, in his work on injunctions, states the rule in this way: "And the true test with regard to the allowance of counsel fees as damages would seem to be, that if they are necessarily incurred in procuring the dissolution of the injunction, *when that is the sole relief sought* by the action, they may be recovered; but if the injunction is only ancillary to the principal object of the action and the liability for counsel fees is incurred in defending the action generally, the dissolution of the

injunction being only incidental to that result, then such fees can not be recovered," but "should be limited to such as pertain to the injunction." 2 High on Injunctions, secs. 1686, 1688, 1689, and cases cited.

This was the view taken by the circuit court, and it was in harmony with the general rule, to which this is no exception. The right to bring this action for improvements is given by the statute, and defendants would have been compelled to employ counsel irrespective of the injunction, and notwithstanding counsel may have earned much larger fees than allowed by the court, it does not follow that their adversary should pay them. The judgment is affirmed. All of this division concur.