68　603
77　664

LOUISVILLE BANKING COMPANY *et al.*, Appellants, v. M. V. MONARCH COMPANY *et al.*, Respondents.

Kansas City Court of Appeals, February 1, 1897.

Injunction: BOND: DAMAGES: ATTORNEY'S FEES. Where the services of an attorney in an injunction case go to the merits of the main controversy and do not look to the dissolution of the injunction, except as it would incidentally follow from the defeat of the main issue, his fees can not be assessed against the plaintiff and his bondsmen.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Grant I. Rosenzweig* for appellants.

Demurrers were sustained to whole petition. Where injunction is only incident to decision of the whole case and claimant's efforts are directed at the main thread and show no separately assessed damages against the injunction part alone, no attorney fee damages are allowed. *Anderson v. Anderson*, 55 Mo. App. 268; *Brown v. Baldwin*, 121 Mo. 136; *State to use v. Heckart*, 62 Mo. App. 427 (430).

*J. C. Rosenberger* for respondents.

Counsel claims that the demurrers sustained went to the whole petition and that, therefore, no attorneys' fees should have been allowed as damages. He could claim the same on a motion to dissolve, where the plaintiff's evidence showed he had no cause of action at all. It was said in *Hammerslough v. Building Ass'n*, 79 Mo. 87: "It is true that these services were assessed as covering the whole case and not in form as confined

to a motion to dissolve. But a trial of a motion to dissolve must have brought up all the material issues of the case and rendered it necessary to dispose of the whole case in the motion. There is no error in this." *Holloway v. Holloway*, 103 Mo. 274; *Brownlee v. Fenwick*, 103 Mo. 431; *Trust Co. v. Stewart*, 115 Mo. 236. Not only were the demurrers sustained, but afterward plaintiff dismissed his suit. Can it be true that a plaintiff can escape liability on an injunction bond by dismissing his suit?

GILL, J.—This is an appeal by the plaintiff banking company and its sureties in an injunction bond, from the judgment of the circuit court assessing damages after dissolution of said injunction. The only damages claimed, and which were allowed, were the fees of attorneys employed by the Monarch Company and Patterson in defeating the action.

The controversy grew out of the failure of Oliver & O'Bryan, a firm of wholesale liquor dealers doing business at Kansas City prior to March, STATEMENT. 1894. The parties to this action (except the sureties on the injunction bond) were among Oliver and O'Bryan's creditors. When the concern closed Oliver & O'Bryan made chattel mortgages to the Monarch Company and to Patterson, but the plaintiff bank was not so favored. It thereupon brought an attachment suit and garnished the Monarch Company and Patterson, who, it seems, had the entire assets in their possession. In aid of this attachment proceeding plaintiff instituted a suit in equity and alleged in effect at great length that the chattel mortgages given to the defendants were fraudulent and void as to it and other genuine creditors; that defendants' claims were fictitious, and that they had conspired with the failing firm of Oliver & O'Bryan to cheat its

creditors, etc. Among other things the bill in equity charged that defendants were about to organize a corporation to conduct the liquor business in the name of the "Oliver & O'Bryan Mercantile Company" thereby converting to their own use and profit the good will of Oliver & O'Bryan; and in that connection intended to use certain trade-marks or whisky brands belonging to the assets of Oliver & O'Bryan.

In the prayer for relief plaintiff asked the court to declare said chattel mortgage null and void as to it, and that plaintiff's claim be paid out of the assets in defendants' hands.

Along with the petition in equity plaintiff filed a motion for a temporary injunction, asking the court to enjoin and restrain the defendants from taking and using the firm name of Oliver & O'Bryan, and from using said trade-marks until the final hearing of the cause; and *to this extent only* a temporary injunction was granted, the plaintiff with his sureties entering into a bond to pay such damages as the defendants might sustain by reason of such temporary injunction.

Subsequently defendants filed demurrers to plaintiff's bill in equity, stating as a ground therefor that said petition failed to state facts sufficient to constitute a cause of action. The court sustained these demurrers; plaintiff failed to plead further and dismissed the suit, and thereupon defendants called on the court to assess their damages on the injunction bond. At the hearing of this motion defendants introduced evidence tending to prove that they had incurred a liability for attorneys' fees in defending the entire cause, in the gross sum of $250; and for this amount the court entered judgment against plaintiff and its sureties on the injunction bond, and they appealed.

In our opinion the trial court erred in treating these attorneys' fees as damages proper to be assessed on the injunction bond.    In a similar case we said: "While reasonable attorneys' fees for procuring · the dissolution of an injunction are rightly considered in the assessment of damages on the plaintiff's bond, yet the amount to be allowed therefor is limited to the fees paid the attorney for procuring the dissolution, and do not include fees paid for defending the entire case.    'The true test,' says a reputable author, with regard to the allowance of counsel fees as damages would seem to be, that if they are necessarily incurred in procuring a dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered.    But if the injunction is only auxiliary to the principal object of the action and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees can not be recovered.    Thus where the principal purpose of the action was to adjudicate a question of title, and an interlocutory injunction was obtained, but no motion was ever made or argued for its dissolution, and the case was finally tried upon its merits upon the question of title and decided in favor of defendants, and the injunction was thereupon dissolved by virtue of the judgment upon the main controversy, it was held that counsel fees for the dissolution could not be recovered in an action on the bond." *Anderson v. Anderson*, 55 Mo. App. 268, and authorities cited.    To the same effect see a late case decided by our supreme court. *Brown v. Baldwin*, 121 Mo. 126.

*Margin note:* INJUNCTION: bond: damages: attorney's fees.

The evidence here shows that the attorneys' fees for which these defendants became liable were for services in defending the · main case, the principal features of which relate to the attack made on the

chattel mortgages given by Oliver & O'Bryan. The
legal services of defendants' attorneys, Messrs. Tichenor
and Reiger, and for which it is sought to charge the
injunction bond, consisted in taking depositions as to
the good faith of said mortgages and preparing and
arguing the demurrers to the petition. There was
nothing done looking to the dissolution of the injunc-
tion, except as it would incidentally follow from a
defeat of the main case. The injunction in fact had
to do, it seems, with rather an insignificant interest;
it involved only the right to use the so-called "good
will" and trade-marks of a failing and insolvent
concern.

We do not think the defendants incurred the
liability for these legal services by reason of the tempo-
rary injunction, and it would be unjust to hold the
plaintiff and his sureties therefor. Judgment reversed
and cause remanded. All concur.