WILLIAM R. HOUSTON and W. M. FIBLE, Appellants, v. M. V. WELCH, Respondent.

In the Kansas City Court of Appeals, May 22, 1922.

1. **INJUNCTION: Jurisdiction: Judgment: Lapse of Term: Circuit Court has Jurisdiction to Assess Damages at Next Term After Dissolution of Injunction is Affirmed on Appeal.** Under section 1954, Revised Statutes 1919, providing that, upon a dissolution of an injunction, damages shall be assessed where a temporary injunction is dissolved and plaintiff appeals and the judgment is affirmed, the Circuit Court has jurisdiction to assess damages at its next term after such affirmation.

2. ————: **Appeal and Error: Continuance of Injunction Pending Appeal Wholly Discretionary.** The continuance of injunction pending appeal is wholly discretionary.

3. ————: **Refusal to Continue Injunction Did not Affect Damages That Had Accrued.** The refusal of the court to continue injunction did not affect the damages that had already accrued.

4. **APPEAL AND ERROR: Judgment: Points Raised by Appellant Held not to Affect the Question as to Whether the Entire Judgment was Appealed.** Defendant, after appealing the entire judgment, had the right to raise such points as he desired in his brief but whether or not there was any merit in the points so raised would

be a question for the appellate court on the submission of the case to it, and the points raised by appellant would not affect the question as to whether the entire judgment was appealed.

5. ———: **Injunction: Injunction Held not Ancillary and Incidental to Main Cause of Action.** Where in an action to recover back purchase money paid by plaintiffs to defendant for corporate stock on the ground of mistake, plaintiff asked and the court granted a temporary injunction restraining defendant from disposing of money paid defendant by plaintiffs under the alleged mistake of fact, *held*, that the injunction was not merely incidental and ancillary thereto, and that the relief sought was entire and not divisible.

6. ———: **Damages: Allowance of Fees for Legal Services Rendered Held Proper.** Where the injunction is a part of the main case and it is necessary to try the whole case in order to get rid of it, then defendant is entitled to fees for legal services covering the whole case.

7. ———: ———: **Interest: Allowance of Interest on Money Impounded by Injunction Order from Date of Filing of Suit Until Date of Dissolution, Held, Improper and to be Excessive.** The allowance of interest upon money impounded by injunction order from date of filing of suit until date of dissolution of injunction, *held* improper and judgment was therefore excessive to the amount of interest allowed.

Appeal from the Circuit Court of Jackson County.—*Hon. Daniel E. Bird,* Judge.

AFFIRMED (*conditionally*).

*Lathrop, Morrow, Fox & Moore* for appellants.

*Hagerman & Jost* for respondent.

BLAND, J.—This is an appeal from the judgment of the trial court assessing damages in the sum of $302.50 upon an injunction bond. The facts show that on February 11, 1919, plaintiffs filed a petition in equity in the circuit court of Jackson County, Missouri, seeking to rescind the sale of corporate stock on the ground of mistake, to compel the return of the purchase price and to enjoin defendant from disposing of the money paid her by plaintiffs under the alleged mistake of fact. The petition alleged, in part, as follows:—

"  .  .  that the said defendant is a person of no financial means or substantial responsibility; that the defendant intends to retain said money so paid to her by mistake and use the same for her own personal benefit, whereby the said funds and moneys will be wholly lost to plaintiffs and plaintiffs will be remediless in the premises;"

The prayer of the petition was as follows:

"Wherefore plaintiffs ask judgment of this court that defendant be ordered to return said funds and moneys to-wit, the sum of one thousand one hundred sixty-seven and 10/100 dollars ($1,167.10) to plaintiffs and that the court issue herein its temporary injunction, restraining and enjoining the said defendant from disposing of, transferring, using or otherwise dispossessing herself of the custody or control of said moneys and funds and for such other and further relief herein as to the court may seem fitting and proper."

On the day suit was filed a restraining order was issued and served upon the defendant. On June 7, 1919, a temporary injunction was issued and on that day plaintiffs filed an injunction bond in the sum of $1500. On October 3, 1919, the court rendered the following judgment—

"IT IS CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the plaintiffs have and recover nothing by and under their petition herein and said petition to be and the same is hereby dismissed and that the temporary injunction hereto issued and now in force in this case be and the same is hereby dissolved set aside and for naught held and defendant released and discharged from the obligations therof and that defendant be and she is hereby dismissed and discharged therefrom and that the costs of the case be taxed against plaintiffs and that execution issue therefor."

Thereafter plaintiffs filed their motions for a new trial and in arrest which were overruled. Defendant also filed a motion to continue the injunction pending

the appeal of the case which was likewise overruled. Defendant filed an affidavit of appeal appealing "from the order, judgment, decree and decision rendered." The order allowing the appeal was as follows:

"And now plaintiffs file application and affidavit for an *appeal from the judgment of this Court in this cause,* which said application is by the Court sustained and appeal allowed to the Kansas City Court of Appeals. Appeal bond fixed at the penal sum of Five Hundred Dollars." (Italics ours.)

The appeal was perfected and upon the submission of the cause to this court the judgment of the trial court was in all respects affirmed. [See Houston v. Welch, 204 Mo. App. 279.]

Plaintiffs insist that the motion to assess damages which was filed after the disposition of the appeal was not filed in time. The statute, section 1954, Revised Statutes 1919, provides that upon a dissolution of an injunction, damages shall be assessed. It is held that this statute requires that the damages be assessed at the same term that the judgment was rendered dissolving the injunction. [Loehner v. Hill, 19 Mo. App. 141, 144.] However, where a temporary injunction is dissolved and plaintiff appeals and the judgment is affirmed, the circuit court has jurisdiction to assess at its next term after such affirmation. [Wabash Rd. Co. v. Sweet, 110 Mo. App. 100; Robertson v. Glenn, 218 S. W. 920.] In Neiser v. Thomas, 46 Mo. App. 47, 50, it is said—

"Where a temporary injunction is dissolved and the bill dismissed, and no further proceedings are had, the damages on the injunction bond should be assessed during the term. We have so intimated in Loehner v. Hill, 19 Mo. App. 141, and the supreme court in referring to that case in Heffelmann v. Franke, 96 Mo. 533, said that that ruling was in accord with the prevalent practice in such cases. But it is evident that such can not be the rule, when the cause is further prosecuted by appeal, since, regardless of the fact whether the appeal operates as a continuance of the injunction, the supreme

court may on appeal reinstate the injunction which had been resolved (dissolved) and make it perpetual (Rose v. Garrett, 91 Mo. 65), and if it does so all the proceedings in assessing damages are nugatory." [See also Joplin & Western Rd. v. K. C., Ft. S. & M. R. R. Co., 135 Mo. 549.] The motion to assess damages was filed within time under the holding in these cases.

However, defendant contends that "the injunction was not involved on the former appeal because:

"1. The right to rescind was the main cause of action and the injunction was purely ancillary and incidental thereto.

"2. There was no evidence given at the trial in support of the injunction.

"3. The continuance of the injunction pending appeal was denied, and that action was wholly discretionary with the trial court.

"4. The dissolution of the injunction and refusal to continue it pending appeal were not among the points urged or argued on former appeal in the main case."

While the continuance of the injunction pending the appeal was denied, the matter of its continuance was wholly discretionary. [State v. Dearing, 180 Mo. 53.] The refusal of the court to continue the injunction did not affect the damages that had already accrued. [Commission Co. v. Spencer, 236 Mo. 608.] While there was no error assigned in the motion for a new trial in relation to the dissolving of the injunction and no question was properly raised in this court as to the propriety of the action of the court in dissolving the same, these facts are not conclusive that the injunction was not appealed from. Defendant after appealing the entire judgment had the right to raise such points as he desired in his brief but whether or not there was any merit in the points so raised would be a question for the appellate court on the submission of the case to it. However the points raised by appellant would not affect the question as to whether the entire judgment was appealed. To hold otherwise would be equivalent to saying that only

those parts of the judgment are appealed, where the record itself shows the whole was appealed, as the appellant should elect to attack in the appellate court. Of course, such is not the law.

We do not think that the demand to rescind was the main cause of action and the injunction only ancillary and incidental thereto. The petition in the original case asked no money judgment against the defendant nor for the return of the stock, which was claimed to be worthless. Nothing was asked except the return of the specific money paid by plaintiffs to defendant, which money plaintiffs sought to impound in the hands of the defendants. It is impossible to separate into parts the relief sought and say that a part was auxiliary or incidental to the other parts. The relief sought was entire and not divisible. Refusal to grant any part of it would destroy the whole.

This case is not like those cited by plaintiffs. In Anderson v. Anderson, 55 Mo. App. 268, an injunction to enjoin the husband from disposing of his property was issued in aid of the main suit, a suit for alimony. In Banking Co. v. Monarch Co., 68 Mo. App. 603, an attachment suit was brought against the defendant on the ground that property had been disposed of to defendants in fraud or creditors who had executed a chattel mortgage to the defendants who took possession of the assets. In aid of the attachment suit plaintiff instituted a suit in equity. Among other things it was charged that defendants were about to organize a corporation which was to use certain assets of the mortgagors. A temporary injunction was asked to enjoin defendants from using a portion of the assets of the mortgagors and the court said, l. c. 607—

"The injunction in fact had to do, it seems, with rather an insignificant interest; it involved only the right to use the so-called 'good will' and trade-marks of a failing and insolvent concern."

The case of Brown v. Baldwin, 121 Mo. 126, was a suit brought to recover the value of improvements made

on certain land. An injunction was obtained in aid of that suit to prevent the parties to whom the land had been adjudged from taking possession until the suit could be determined. We entertain no doubt but that in the case at bar there was but one entire judgment in the original case and that the relief sought and the judgment rendered cannot be divided so as to say that a portion of it was on the main case and the rest ancillary.

It is insisted that the court erred in allowing as damages $250 as attorney's fees. In this connection it is again insisted that the injunction was merely ancillary and that there was no evidence introduced tending to support the injunction and that defendant was required to employ attorneys to defend the main case and when plaintiffs were defeated upon the main case the injunction was necessarily dissolved. Therefore, plaintiffs say no extra legal work was done in connection with the resistance to the injunction, and defendant was not damaged by reason of having to employ an attorney in the case to secure its dissolution. Plaintiffs admit that if the injunction were the main thing sought then the defendant is entitled to damages in the way of attorney's fees. It is held in Richardson Lubricating Co. v. Bedell, 237 S. W. 192, that where the injunction is a part of the main case and it is necessary to try the whole case in order to get rid of it, then defendant is entitled to fees for legal services covering the whole case. [See Holloway v. Holloway, 103 Mo. 274, 285; Brownlee v. Fenwick, 103 Mo. 420, 430; Hammerslough v. Building Association, 79 Mo. 80.]

In the case at bar it was necessary for defendant in order to get rid of the injunction to try the entire case and as the injunction was a part of the main thing sought there is no question but that the court properly allowed attorney's fees as a part of the damages. The judgment of the court provides, in effect, that the attorney's fees allowed therein were for no other services except those rendered in obtaining the dissolution of the injunction.

The petition as shown above alleges as one of the grounds for the obtaining of the injunction that defend-

ant was insolvent and that she intended to use the money obtained on the stock. In this connection it is insisted "that the entire evidence in the case at bar would not have been gone into on a motion to dissolve" if one had been filed, which was not done. Of course, it was not necessary for defendant to file a motion to dissolve under the circumstances. [Brownlee v. Fenwick, supra, 1. c. 431.] The trouble with this argument is that defendant may have been insolvent but that unfortunate predicament may not have been her fault and would not deprive her of the right to contest the injunction upon the other grounds alleged as a basis for the injunction if they were without merit. If the injunction was wrongfully issued for any reason, defendant would be entitled to recover any damages done her. Of course, there is no evidence as to whether defendant was or was not insolvent and we cannot say that the entire evidence would not have been gone into on a motion to dissolve. Plaintiffs ought not to be heard to argue now that defendant may not have been insolvent as they allege in their petition that she was insolvent.

We think that the court should not have allowed interest upon the money impounded from February 11, 1919, the date of the filing of the suit, until October 3, 1919, the date of the dissolution of the injunction. While the injunction bond was dated February 11, 1919, the injunction was not issued until June 7, 1919, and bond was not filed until that day and did not purport to cover the restraining order. The motion praying for the assessment of damages asks interest from June 7, 1919, to October 3, 1919. The judgment is therefore excessive to the extent of $29.94. If the defendant will within ten days remit the sum of $29.94 from the judgment, the same will be affirmed, otherwise, it will be reversed and the cause remanded.

*Trimble, P. J.*, concurs; *Arnold, J.*, dissents.